### Walter v. Walter.

(Decided December 17, 1920.)

### Appeal from Boyd Circuit Court.

1. Divorce—Review of Alimony.—This court is without power to reverse a judgment of divorce, but the evidence upon that question will be reviewed when necessary to determine the question of alimony of which we have revisionary control.

2. Divorce—Duty of Husband to Provide Home.—It is both the right and the duty of the husband to provide a home for himself and wife; and, when reasonably exercised to decide where it shall be

located, but he cannot exercise the right of choice of location and impose upon the wife the duty of providing a suitable home at the place of his choice when he is amply able to do so.

3.  Divorce—Duty of Husband to Provide Home.—The wife does not have to sell her home left her by a former husband in one place and with the proceeds purchase a new home in another place where the husband reasonably elects to reside; and where he leaves her and lives apart from her for one year because she will not do so and does not provide or offer to provide her a home where he elects to reside with his own means although amply able to do so, the court did not err in granting her a divorce and alimony.

4.  Divorce—Alimony.—An allowance to the wife of $100.00 a month alimony was not excessive upon the evidence in this case.

5.  Divorce—Attorneys' Fees.—An allowance of $500.00 to attorneys for the wife was not excessive and was properly allowed as costs against the husband, since under our statutes the husband is required to pay same unless the wife is both in fault and has ample means of her own, and the wife here was not in fault.

6.  Divorce—Attorneys' Fees.—The complaint of the wife that the allowances to her and her attorneys are too small cannot be considered since she has not prosecuted a cross appeal.

BENTON & DAVIS and J. F. COLDIRON for appellant.

GEORGE B. MARTIN and J. F. STEWART for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action for divorce, the petition of the husband was dismissed and the wife upon her counterclaim was granted a divorce and alimony and her attorneys were allowed $500.00 for their services. The husband appeals.

The ground upon which a divorce was asked by each was one year's abandonment by the other, and while we have no power to reverse the judgment of divorce refused the husband and granted the wife, the wife's right to alimony depends upon and can be sustained only if her husband abandoned her and she was entitled to the divorce. Hence it will be necessary to review the evidence upon that question.

The parties were married on December 14, 1914. It was the second venture for each. At the time Mrs. Walter, with her single daughter, was living in Ashland, Kentucky, in a residence that had been devised to her by her first husband and which was worth about $25,000.00. She also owned a cottage in the same city worth about $2,500 and $8,000.00 worth of stock in a

building and loan association, also willed to her by her former husband. Mr. Walter was a resident of Clarke county and a successful farmer. He owned several large farms and was worth at least $50,000.00 above all indebtedness. There had been some discussion between them previous to their marriage as to whether they would live in Ashland where the wife then resided or in Winchester where the husband resided, but owned no suitable home. This question was not decided, however, each party expressing a willingness to live at any place with the other, but the husband expressed the hope that the wife would be willing to live in or near Winchester where his business interests were. After the marriage the husband with his ten year old son moved into the wife's home in Ashland, put his son in school in that city and resided there with her and her single daughter until in May, 1916, when he left her and did not return. During the time he lived with his wife plaintiff contributed only about $55.00 a month toward the family expenses, which amounted to at least $250.00 a month, and when he left he did not inform his wife that he did not intend to return but was leaving her finally.

After the expiration of a year he instituted this action for divorce and contends that she abandoned him because she refused to go with him to Winchester where he desired and elected to establish their residence. That it is both the right and the duty of the husband to provide for his wife a home cannot be doubted, and it is equally clear that in so doing the place where it is to be established must be left to his choice, when reasonably exercised, since otherwise the power to provide a home would be interfered with unreasonably and often destroyed; but he cannot exercise the right of choice and avoid the duty of furnishing a suitable home at the place of his choice, at his own expense when as here he is amply able to do so.

While the evidence is conclusive that plaintiff desired and quite reasonably decided that their home should be in Winchester rather than in Ashland, it is just as conclusively established that he did not provide a suitable home for his wife in Winchester or even offer to do so with his own means, but insisted that his wife should sell the home that had been left her by her first husband in Ashland and with the proceeds of same purchase a home for them in Winchester.

The only proof whatever offered by the husband upon the question is that about a year before the separation he had his wife to visit him at a hotel in Winchester for two days and one night and that upon the second day of this visit when they were being taken on a pleasure drive in an automobile by some friends, several desirable homes in and about Winchester were pointed out to his wife by him or some of their friends and that she did not seem to be interested in any.of them or in procuring a home in Winchester, while the husband seemed anxious that the wife should decide to locate in Winchester and that some of the homes shown to her, simply from the automobile as they drove along the road and that may or may not have been for sale, would appeal to her as a suitable place for their home.

This evidence, however, falls far short of showing even a willingness on the part of the husband to provide with his own means, as it was his duty and he was amply able to do, a suitable home for his wife in Winchester. On the other hand it is shown by the testimony for the wife that she was willing to live in Winchester if the husband would provide the home but that she was not willing to sell the home in Ashland which had been left her by her former husband and which it was her desire should eventually go to his children, and with the proceeds of same purchase a home for herself and her husband in Winchester.

We are therefore quite sure that the chancellor did not err in holding that it was the husband who was guilty of the abandonment and not the wife and in awarding the divorce to her; and it is equally clear, in view of the wife's customary mode of living and the husband's ability to pay, that the allowance of $100.00 a month alimony to the wife was not excessive.

Nor do we think the allowance to her attorneys too large in view of the amount involved and the work performed by them at Ashland and Winchester in the preparation and trial of the case; and since by statute the husband is required to pay attorney's fees for his wife in a divorce proceeding unless she is both at fault and amply able to pay for same, and the wife was not at fault here, it results that the allowance to her attorneys was properly charged against the husband.

Counsel for the wife in their brief complain that both of these allowances are too small, but a cross appeal has not been prosecuted and we could not therefore in-

crease them even if upon the evidence we were of the opinion this ought to be done, which however is not the case.

Wherefore the judgment is affirmed.