Argued January 14, affirmed February 2, 1926.

## ALBERT STEWART *v.* GENEVIEVE R. STEWART.

(242 Pac. 852.)

**Divorce—Elements to be Proven in Divorce for Desertion Enumerated.**

1. In suit for divorce under Section 507, subdivision 5, Or. L., providing for divorce on "willful desertion for the period of one year," plaintiff must prove: First, the marriage; second, residence of plaintiff in state for one year; and, third, the alleged ground of suit.

**Divorce—Statutory Words "Resident" and "Inhabitant" Used Interchangeably.**

2. The words "resident" and "inhabitant" are used interchangeably in Section 509, Or. L., wherein it is provided that plaintiff must be inhabitant of state for one year prior to commencement of suit for divorce.

**Divorce—Mere Desire to Stay No Justification for Wife's Refusal to Change Domicile With Husband.**

3. In action for divorce, under Section 509, Or. L., where husband moved in good faith from California to Oregon, and no reason for

---

1. See 9 R. C. L. 354.

3. What constitutes desertion as ground for divorce, see note in 138 Am. St. Rep. 146.

Wife's refusal to follow husband to new home as desertion, see note in 5 Ann. Cas. 852. See, also, 9 R. C. L. 365.

wife's refusal to join husband was given other than wife's desire to remain in California, it was *held* such refusal constituted desertion.

**Divorce—What is "Willful Desertion" Stated.**

4. "Willful desertion" is proved, under Section 509, Or. L., when continuously for one year there is an unjustifiable refusal to resume family relationship, in common domicile, provided by husband.

Divorce, 19 **C. J.**, p. 59, n. 67, 69, 70, 72, p. 60, n. 80, 82, p. 62, n. 10, p. 144, n. 60, p. 145, n. 62.
Domicile, 19 **C. J.**, p. 401, n. 62, p. 431, n. 8.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. J. O. Watson* and *Messrs. Smith & Shields,* with an oral argument by *Mr. Guy O. Smith.*

For respondent there was a brief and oral argument by *Mr. John T. Long.*

BROWN, J.—This is a suit for divorce, grounded upon subdivision 5, Section 507, Or. L., providing for the dissolution of the marriage contract at the suit of the injured party on "willful desertion for the period of one year." The charge of desertion made by plaintiff against his wife is based upon the general rule of law that empowers the husband to choose the matrimonial domicile. The plaintiff contends that his wife refused to follow him from Los Angeles, California, to his domicile at Roseburg, Oregon. The defendant challenges the plaintiff's good faith in requesting her to come. Hence arises the issue of willful desertion for the statutory period, which embraces the good faith of the husband in requesting his wife

4. See 9 **R. C. L.** 356.

to come to Oregon and make her home with him, and likewise her intent in refusing to come.

1. Before the plaintiff is entitled to a decree of divorce, it is essential that three things be proved by the evidence: First, the marriage of the parties; second, the residence of the plaintiff in the State of Oregon for a period of one year prior to the commencement of the suit; third, the alleged cause of suit: *Lasker* v. *Lasker,* 91 N. J. Eq. 352 (110 Atl. 27).

Has the plaintiff established a residence or domicile within this state?

2. The words "resident" and "inhabitant" are used interchangeably at Section 509, Or. L., wherein it is provided that the plaintiff shall be ·an "inhabitant" of the state for one year prior to the commencement of his suit, "which residence shall be sufficient to give the court jurisdiction."

In *Thorndike* v. *Boston,* 1 Met. (Mass.) 242, 245, Mr. Chief Justice SHAW of the Supreme Court of Massachusetts, in discussing the terms "domicile," "inhabitancy," and "residence," wrote:

"The questions of residence, inhabitancy, or domicile,—for although not in all respects precisely the same, they are nearly so, and depend upon much the same evidence,—are attended with more difficulty than almost any other which are presented for adjudication. No exact definition can be given of domicile; it depends upon no one fact or combination of circumstances, but from the whole taken together it must be determined in each particular case. It is a maxim, that every man must have a domicile; and also that he can have but one."

The legal residence of a person must be determined from his act and intention: *Reed's Will,* 48 Or. 500, 507, (87 Pac. 763, 9 L. R. A. (N. S.) 1159); 19 C. J.,

Domicile, § 1. When the evidence shows that a person resides at some particular place, this constitutes *prima facie* proof of his legal domicile: 19 C. J., Domicile, § 66.

The parties hereto were intermarried at Butte, Montana, April 15, 1906, and seem to have dwelt happily together for a period of one week. Since that time, according to the testimony, their married life has been one continuous quarrel. The defendant says it is the plaintiff's fault, while the plaintiff avers that the defendant is to blame. However, mere incompatibility of temper, or failure to live happily together, does not constitute grounds for the dissolution of the marriage relation: *Hill* v. *Hill,* 24 Or. 416, 418 (33 Pac. 809); *Hengen* v. *Hengen,* 85 Or. 155, 165 (166 Pac. 525). No children have blessed this union, nor is there any property involved. After their marriage they removed from place to place in honorable efforts to better their financial condition, and they finally settled in Salt Lake City. Following one of their quarrels, during which his wife threw his clothes out of an upstairs window, plaintiff gathered up his belongings and went east for a couple of months, but returned. They then went to Los Angeles, where he went to work for a street-car company. He finally lost his employment with the company on account of a strike, and, owing to the difficulty of finding other employment in Los Angeles, he left that place in search of work, his wife remaining in Los Angeles. He found temporary employment at various places. While at Richmond, California, he wrote the defendant a letter, reminding her that he had failed to receive an answer to a previous communication, and she replied as follows:

"The reason that you did not get an answer is, I did not write one. The night before you left here

you asked if I was going to Bakersfield with you, no one with good judgment would leave a good paying work and leave nearly a week's pay behind. * * If you care about coming to L. A. for the winter you will have to consult my wishes as your time is up for getting up and leaving any time you like with twenty-four hours' notice and come back till the mood moves again. I have lived with you for fourteen years and have nothing but rent receipts to show."

She later refused to join him at Oakland, California, for the reason, as she asserted, that the fogs of San Francisco Bay would impair her health. This, if true, was a legitimate reason. Some time thereafter, the plaintiff came to Southern Oregon, and, for more than two years prior to the filing of his complaint, resided in Roseburg, Douglas County, Oregon. For three years previous to the trial he was employed by the Southern Pacific Company as an investigator, and, according to the testimony of his chief, he at all times performed his duties in a most satisfactory manner.

The plaintiff testified, in substance, that, during the time he was in Southern Oregon, he requested his wife to come to Roseburg and make her home with him. Moreover, the testimony establishes that, on two or three separate occasions, he applied to the railroad company for passes to bring his wife from Los Angeles to Roseburg and would have procured the same had not her refusal to come necessitated their cancellation.

The defendant seems to have been an evasive witness. As an example, we quote below a question propounded to her by the court as to whether the plaintiff had written her a letter in which he proposed to pay her expenses from Los Angeles to Roseburg, and her reply thereto:

117 Or.—11

"Q. Did I understand you to say that Mr. Stewart had written you a letter in which he proposed to pay your expenses here?

"A. Mr. Stewart has never been truthful."

She not only attempted to evade the question, but likewise took advantage of the situation to shoot an envenomed arrow at her husband. However, she later admitted that she had received such a letter. She says that he was a "nagger" and a fault-finder; brutally passionate; that he was a drinking man; that "he was sober so little that I didn't know whether I was living with a man or a whisky bottle," and that he was a very jealous man. Referring to their married life at the time of their parting at Los Angeles, she testified:

"He was surely making life miserable. It wasn't exactly that he was mean to me at this time, but simply because he wasn't working and was in the house. Well, he got on my nerves, I expect."

The testimony on behalf of plaintiff by Honorable GEORGE K. QUINE, County Judge of Douglas County, and former sheriff, is to the effect that he had known Mr. Stewart for three years, and he vouched for his sobriety and standing. Stewart's chief likewise testified to his sobriety and that he was always "on the job." The testimony is strong to the effect that during the three years of his residence in Roseburg, covering all the period of a legal desertion within the meaning of the law, the plaintiff not only was not addicted to the use of intoxicating liquor, but was temperate and sober. The defendant has testified that, when the plaintiff "remained sober, there is no one nicer than he is."

3. From the record in this case, there appears to be no justifiable reason for the defendant's refusal

to join her husband in Oregon. She has never assigned any cause for failing and refusing to come to Oregon, other than her desire to remain in Los Angeles.

4. The right of the plaintiff to change his residence from California to Oregon, and the obligation of the defendant to follow him upon his request, in the absence of justifiable excuse, is universally acknowledged: *Sisemore* v. *Sisemore,* 17 Or. 542 (21 Pac. 820); 19 C. J., p. 59; 9 Am. & Eng. Ency. of Law, pp. 767, 768; 9 R. C. L., Divorce and Separation, § 151; 5 Ann. Cas. 852, note; 4 L. R. A. (N. S.), 145, note; 119 Am. St. Rep. 636. Willful desertion is proved when, continuously for one year, there is an unjustifiable refusal to resume the family relationship in a common domicile provided by the husband: *Luper* v. *Luper,* 61 Or. 418 (96 Pac. 1099); Keezer on Marriage and Divorce, Chap. 13, p. 74; 1 Bishop, Marriage, Divorce, Separation, §§ 1662, 1663; *Walter* v. *Walter,* 190 Ky. 49 (226 S. W. 374); *Caldwell* v. *Caldwell,* 70 Pa. Super. Ct. 332; *Vandyke* v. *Vandyke,* 135 Pa. 459 (19 Atl. 1061). See, also, authorities last above noted. The theory of the law in conferring upon the husband the right to choose the domicile is based upon the principle that it is the duty of the husband to provide for and support his family. Such right, however, is not to be exercised arbitrarily.

An issue of fact shall be determined by the weight of evidence. However, it is the persuasive power of the evidence, and not the number of witnesses, that determines the issue. In determining the weight to be given to the testimony of the several witnesses, we are bound to take into consideration their interest in the result of the suit, if any such is proved, their conduct and demeanor while testifying, their apparent

candor or prejudice, if any such appears, their appearance upon the witness-stand, the character of their testimony, and the reasonableness of the story told by them, and all the evidence and circumstances tending to corroborate or contradict such witnesses, if any such are proved: 1 Brickwood, Sackett, Instructions, § 411.

The testimony was taken in open court, under the personal observation of the trial judge. Upon the one side is the plaintiff, a man familiar with court procedure, who, from a perusal of the cold type, seems to have been a fair witness, and whose testimony is corroborated by that of two witnesses who appear to have been fair and candid. Opposed is a lone woman, shrinking from the publicity of a divorce suit, but who, as appears from the cold pages of testimony before us, was apparently evasive in her answers, and, sometimes, malicious. Her testimony is further weakened by two of her unfortunate letters to plaintiff not set out herein, and one of which she characterized as "plain bluff." This is a case wherein it may be said with much reason that the trial judge, aided by the atmosphere of the cause and his observation of the witnesses while testifying, is in a much better position to determine the merits of the case than is this court. After a careful study of the record, we are of opinion that the trial court correctly found that the plaintiff, for more than two years prior to the filing of his complaint, was a resident of Roseburg, Douglas County, Oregon, and that, during all this period of time, the defendant, without cause, refused to come to Oregon and make her home with plaintiff as requested by him.

As to the letters in the record: These letters alone do not establish desertion. But, when considered

with all the other evidence in the cause, desertion for the requisite period under the statute has been proved. On this feature of the case, see *Hoffhines* v. *Hoffhines,* 146 Md. 350 (126 Atl. 112, 115, 38 A. L. R. 332), where the court makes this pertinent observation:

"Courts have consistently refrained from attempting to enunciate a hard and fast rule governing cases such as the one now under consideration, but rightly leave such case to be determined by its peculiar facts and circumstances."

This case is affirmed, with directions that the defendant recover her costs upon the appeal to this court.                    AFFIRMED WITH DIRECTIONS.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.