Argued March 5, affirmed March 20, 1928.

# THE ELI BRIDGE CO. v. DAVE LACHMAN and LACHMAN EXPOSITION SHOWS et al.

### (265 Pac. 435.)

**Sales—Plaintiff, Selling Ferris Wheel in Illinois Under Conditional Sales Contract and Shipping It to Connecticut, Could not Recover from Subsequent Purchasers Without Actual Notice of Unrecorded Contract (Gen. Stats. Conn. 1918, §§ 4744, 4746).**

1. Under General Statutes of Connecticut of 1918, Section 4746, plaintiff, selling Ferris wheel in Illinois under conditional sales title-retaining contract and shipping it to Connecticut to purchaser as agreed, *held* not entitled to recover property from persons who had purchased it from conditional buyer's vendee, and who had neither actual nor constructive notice of the contract, since contract was not recorded in Connecticut as required by Section 4744, and no *bona fide* claim was made that property was exempt thereunder from attachment and execution.

**Contracts—Place of Contract Does not Govern Validity, Where Parties Contemplated Law of Another State Should Control.**

2. The place where a contract is entered into, though ordinarily governing as to validity, does not do so where it appears to have been within the contemplation of the parties that the law of another state should control.

**Sales—Situs of Property, not Lex Loci Contractus, Determines Validity of Conditional Sale, Where Parties Contemplate Performance Outside State.**

3. Where parties contemplate performance of conditional sales contract in another state, validity of sale is determined by situs of property in such other state, and not by *lex loci contractus*.

---

1. Necessity of recording instrument reserving title to personal property sold in state to which property is subsequently removed, see note in 35 L. R. A. (N. S.) 387.

2. Contracts, by what law governed, see note in 20 **Am. Dec.** 293. See, also, 5 R. C. L. 931, 940.

3. See 24 R. C. L. 452 et seq.

**Appeal and Error—Trial Court's Finding on Conflicting Evidence is Conclusive on Appeal.**

4. The finding of the trial court on conflicting evidence is conclusive on appeal.

**Domicile—One may have More Than One Residence, but Only One Domicile.**

5. It is possible for a person to have more than one residence, but he can have only one domicile.

**Appeal and Error—That Allegation Relative to Exemption was but Conclusion of Law Held not Available, When First Raised on Appeal by Appellant, Whose Brief Admitted Such Fact.**

6. Contention that an allegation in reference to the exemption of property from attachment and execution, as provided by General Statutes of Connecticut of 1918, Section 4744, General Statutes of 1902, Section 4864, and Laws of 1905, Chapter 113, was but a conclusion of law, *held* not available, when raised for first time on appeal by appellant, who in his brief had admitted that laws of Connecticut applied.

---

Appeal and Error, 3 **C. J.**, p. 727, n. 99; 4 **C. J.**, p. 883, n. 33.
Conflict of Laws, 12 **C. J.**, p. 450, n. 73, p. 471, n. 22.
Domicile, 19 **C. J.**, p. 395, n. 17, p 397, n 24.
Sales 35 **Cyc.**, p. 66, n. 12, p. 686, n. 34, p. 690, n. 76.

From Multnomah: Dalton Biggs, Judge.

Department 2.

Affirmed.

For appellant there was a brief over the name of *Messrs. Cake, Cake & Liljeqvist,* with an oral argument by *Mr. L. A. Liljeqvist.*

For respondents there was a brief over the names of *Mr. William A. Carter* and *Mr. Franklin F. Korell,* with an oral argument by *Mr. MacCormac Snow.*

BELT, J.—This is an action in replevin. It arose as follows: On April 5, 1919, plaintiff, a corporation

---

4. See 2 **R. C. L.** 194.
5. Definition of domicile and how ascertained and changed, see notes in 59 **Am. Dec.** 111; 48 **Am. St. Rep.** 711. See, also, 9 **R. C. L.** 538.

engaged in business in Green County, Illinois, sold to one W. H. Osterle, under the terms of a conditional sales contract, a "big Eli Ferris Wheel," together with certain equipment used in its operation, for the sum of $2,685. One thousand dollars was paid upon execution of the contract. The balance of the purchase price was to be paid in specified monthly payments. The title was reserved in the seller until full payment of the amount due under the contract had been made. The written agreement provided that the plaintiff ship the machine and its equipment to the purchaser at Savin Rock, West Haven, Connecticut, on May 5, 1919. It was also stipulated that the purchaser "operate it during the summer season during the life of this contract and pay all operating expenses." Pursuant to the contract plaintiff shipped the Ferris wheel to Osterle at Savin Rock where it was set up and operated by him until the fourth day of May, 1920. Although there was still due under the contract $1,566.25 and interest, Osterle sold the machine to one W. K. Sibley who later sold it to the defendants. It was shipped by them to Portland, Oregon.

Plaintiff thereupon commenced this action, basing its claim of title on the conditional sales contract. To avoid the legal effect of this agreement, the defendants allege in substance that at the time Osterle sold the Ferris wheel, neither they nor their predecessor in interest had any actual or constructive notice of plaintiff's interest therein. It is their contention, since the contract was not recorded in Connecticut, that the transaction between plaintiff and Osterle, so far as innocent third parties are concerned, was an absolute sale.

Defendants rely upon Sections 4744 and 4746, General Statutes of Connecticut (Revision 1918), which provide as follows:

"Sec. 4744. *Conditional Sales of Personal Property to be Recorded.* All contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of said sale, and shall be acknowledged before some competent authority and recorded within a reasonable time in the *Town Clerk's Office in the town where the vendee resides* but the provisions of this section shall not apply to household furniture, musical instruments, phonographs and phonograph supplies, bicycles, *or property exempt from attachment and execution,* Rev. 1902, Sec. 4864, 1905, Ch. 113. (Italics ours.)

"Sec. 4746. All conditional sales of personal property not made in conformity with the provisions of Sec. 4744, shall be held to be absolute sales, except as between the vendor and vendee or their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee, in the same manner as any other property not exempted by law. Rev. 1902—Sec. 4865."

It will be observed that Section 4744 of the Connecticut statutes does not require the recording of conditional sales contracts transferring "property exempt from attachment and execution." Relative to that provision of the statute defendants allege in their answer, "That the property alleged in the plaintiff's complaint is not exempt from attachment and execution as provided in *Rev. Statutes 1902, Section 4864, 1905—Chap. 113.*"

The Circuit Court tried this action without a jury. It held that the law of Connecticut was applicable and entered judgment for defendants.

1, 2. The decision of this case hinges primarily on the question as to whether the law of Connecticut applies. We think it does. Ordinarily the law of the place where the contract is entered into governs, but not so when, from the nature and terms of the agreement, it appears to be within the contemplation of the parties that the law of another state is to control. This case is not to be confused with those where the purchaser, without the knowledge or consent of the seller, removes the property from the state where the contract is made. Indeed, under the express terms of the contract under consideration, the plaintiff agreed to and did ship the Ferris wheel to Osterle in Connecticut. The purchaser, for about a year, was permitted to have possession of this property with all of the *indicia* of ownership. There was no effort made to comply with the law of Connecticut relative to recording the conditional sales contract and thereby give notice of plaintiff's interest in the property. While the formal execution of the contract was in Illinois, its performance was in Connecticut. It was in the latter state that the purchaser had the beneficial use and enjoyment of the contract and did those things necessary to accomplish its object.

3. The validity of such sales is determined by the situs of the property and not the *lex loci contractus: Montesano Lumber Co.* v. *Portland Iron Works,* 78 Or. 53 (152 Pac. 244); *Jones* v. *North Pacific Fish & Oil Co.,* 42 Wash. 332 (84 Pac. 1122, 114 Am. St. Rep. 131, 6 L. R. A. (N. S.) 940); *Knowles Loom Works* v. *Vacher,* 57 N. J. Law, 490 (31 Atl. 306, 33 L. R. A. 305); *Beggs* v. *Bartels,* 73 Conn. 132 (46 Atl. 874, 84 Am. St. Rep. 152); *Hervey* v. *R. I.*

*Locomotive Works,* 93 U. S. 664 (23 L. Ed. 1003, see, also, Rose's U. S. Notes); 5 R. C. L. 940; 12 C. J. 450. While there are authorities in conflict with the rule announced, the cases cited are unquestionably in keeping with the great weight of authority.

4, 5. It is urged that the law of Connecticut is not applicable for the reason that Osterle resided in Flushing, L. I., N. Y., at the time the Ferris wheel was in his possession. The evidence is conflicting on the issue of residence and, therefore, the finding of the trial court in reference thereto is conclusive. Residence, within the meaning of the act, has not the same legal signification as "domicile." It is possible for a person to have more than one residence, but he can have only one domicile. For the distinction between "residence" and "domicile," see *Reed's Will,* 48 Or. 500 (87 Pac. 763); 19 C. J. 395.

6. Plaintiff also complains in this court for the first time that defendants did not plead nor prove that the property in controversy was not exempt from attachment and execution. It is insisted that the allegation in reference to exemption of property as above quoted amounts only to a conclusion of law and that the provision of the Connecticut statute should have been pleaded either in substance or *in haec verba.* There would be merit in this contention were it not for the following admission in plaintiff's brief:

"It is conceded in this case that this contract had no acknowledgment attached thereto nor was it recorded in Connecticut and *that it did not comply with the laws of that state,* if the laws of that state are applicable."

There is no *bona fide* contention that the property was, in fact, exempt from execution. If it be sug-

gested that it is somewhat technical to take advantage of this admission, we hope to be pardoned, since plaintiff asks for a reversal because of the failure of defendant to conform to a technical rule of pleading. If counsel for appellant had brought to the attention of the trial court the objection which he now urges to the pleading and the proof, we would be inclined to look upon the question in a more favorable light.

There is no merit in the other assignments.

· The judgment of the lower court is affirmed.

Affirmed.

Rand, C. J., and Bean and Brown, JJ., concur.