## OWENS v. HUNTLING.
### No. 9641.

Circuit Court of Appeals, Ninth Circuit.
Sept. 30, 1940.

Allan A. Bynon and Gerald Meindl, both of Portland, Or., for appellant.

James S. Gay, Jr., of Portland, Or., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The question presented in this appeal involves the meaning of the words "resident within the state of Oregon" which are contained in a statute prescribing what constitutes the militia in Oregon.

Appellant is the father of Robert W. Owens and has been for forty years and is now a resident of Washington with his domicile at Willapa therein. Robert W. Owens, who was born at said place, is nineteen years old, and on September 10, 1939 was sent by appellant to Portland, Oregon, to attend the University of Portland there. The records of that school disclose his residence to be Willapa, Washington. On April 19, 1940, while attending such school Robert enlisted in the Oregon National Guard for a period of three years. In the enlistment record, Robert's home address is shown as Willapa, Pacific County, Washington. In June, 1940, at the close of the school year, Robert returned to the home of his parents for the summer vacation. Robert is supported by appellant.

On September 19, 1940, appellant filed a petition in the court below to secure Robert's release by habeas corpus from the custody of appellee, who made a return to the order to show cause that he held Robert "by the authority of the United States as a soldier in the National Guard of the United States, ordered into active service by Proclamation of the President, dated August 31, 1940." The court below held that "presence within the state for a substantial period of time is residence within" the meaning of the statute, and entered an order denying the petition on the same day it was filed. On the same day the appeal was taken and argued before this court.

Ore.Code Ann., 1930, sec. 52-101, provides in part: "The militia of this state shall consist of all able-bodied male citizens of the United States, resident within the

state of Oregon * * * who shall be more than eighteen years of age * * * and said militia shall be divided into four classes: The national guard, the national guard reserve, the naval militia and the unorganized militia."

The following section provides in part: "The national guard shall consist of the regularly enlisted militia, between the ages of eighteen and forty-five years."

It is stipulated that if Robert "was not validly enlisted in the Oregon National Guard on April 19, 1940, he should be discharged from service by Order of this Court."

▇▇▇ In Pickering v. Winch, 48 Or. 500, 87 P. 763, 765, 9 L.R.A.,N.S., 1159, the distinction between "domicile" and "residence" is discussed. It is there said that to "constitute domicile there must be both the fact of a fixed habitation or abode in a particular place, and an intention to remain there permanently or indefinitely" and "Domicile, therefore, is made up of residence and intention." In Miller v. Miller, 67 Or. 359, 136 P. 15, 16, it is said that the "domicile or habitancy of a person is that fixed place of abode to which he intends to return habitually when absent." See, also, Stewart v. Stewart, 117 Or. 157, 242 P. 852, 853. The question before us requires a determination as to whether "resident within the state of Oregon" means "having his domicile in the state of Oregon" or whether it means "residence" in such state without domicile, because it is clear here that Robert's domicile was in Washington, while his temporary "residence" was in Oregon. His domicile having been shown to be in Washington, it is presumed to continue until the contrary is shown. Pickering v. Winch, 48 Or. 500, 87 P. 763, 765, 9 L.R.A.,N.S., 1159.

▇▇▇ We are of the opinion that the court below was right. Had the legislature intended "resident within the state" to mean "domicile" it would undoubtedly have said so. In fact, even the word "residence" is not used which is significant in view of the fact that the word "residence" is sometimes considered as "domicile." See Noble v. Noble, 97 Or. 497, 190 P. 1061; Stewart v. Stewart, 117 Or. 157, 242 P. 852. Compare Popejoy v. Boynton, 112 Or. 646, 229 P. 370, 230 P. 1016. The words actually used are "resident within the state" and are equivalent to "residing" within the state. As such, "domicile" was not in-

tended as a prerequisite. See Eli Bridge Co. v. Lachman, 124 Or. 592, 265 P. 435, 436.

Affirmed.