## STEIGLEDER *v.* McQUESTEN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WASHINGTON.

No. 227. Submitted April 14, 1905—Decided April 24, 1905.

An averment in the bill of the diverse citizenship of the parties is sufficient to make a *prima facie* case of jurisdiction so far as it depends on citizenship.

While under the act of 1789, an issue as to the fact of citizenship can only be made by plea of abatement, when the pleadings properly aver citizenship, it is the duty of the court, under the act of March 3, 1875, which is still in force, to dismiss the suit at any time when its want of jurisdiction appears.

A motion to dismiss the cause, based upon proofs taken by the master, is an appropriate mode in which to raise the question of jurisdiction.

Residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the Circuit Courts of the United States; and a mere averment of residence in a State is not an averment of citizenship in that State for the purposes of jurisdiction.

One who has been for many years a citizen of a State is still a citizen thereof, although residing temporarily in another State but without any purpose of abandoning citizenship in the former.

THE bill filed in the Circuit Court by the plaintiff, McQuesten, alleged her to be "a citizen of the United States and of the State of Massachusetts, and residing at Turners Falls in said State," while the defendants Steigleder and wife were alleged to be "citizens of the State of Washington, and residing at the city of Seattle in said State."

The object of the suit was to obtain a decree adjudging defendants to be trustees for the plaintiff in respect of certain real estate in King County, State of Washington. The defendants demurred to the bill for want of equity. The demurrer was overruled, and the defendants answered, without making any issue as to the citizenship of the parties, but denying the alleged trust, and averring that there had been a final settlement between the parties before the institution of the suit in respect of all the matters in dispute.

The cause was referred to a master, and, after proof was

taken, the defendants moved the court to dismiss the suit for want of jurisdiction, the reason assigned in the motion being only that the plaintiff was, and for a long time prior to the commencement of the suit had been, a "resident" of the State of Washington, while the defendants were "residents" of the same State.

The motion to dismiss was denied, and the case went to a decree in favor of the plaintiff upon the merits.

The defendants were granted an appeal directly to this court, the question of jurisdiction being certified.

*Mr. John E. Humphries* and *Mr. George B. Cole* for appellants.

*Mr. George McKay* and *Mr. J. B. Howe* for appellee.

Mr. Justice Harlan, after making the foregoing statement, delivered the opinion of the court.

The averment in the bill that the parties were citizens of different States was sufficient to make a *prima facie* case of jurisdiction so far as it depended on citizenship. While under the judiciary act of 1789 an issue as to the fact of citizenship could only be made by plea in abatement, when the pleadings properly averred citizenship, the act of March 3, 1875, 18 Stat. 470, 472, c. 137, made it the duty of the Circuit Court, at any time in the progress of a cause, to dismiss the suit, if it was satisfied either that it did not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, or that the parties were improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under the act of Congress. *Sheppard* v. *Graves,* 14 How. 505; *Williams* v. *Nottawa,* 104 U. S. 209, 211; *Farmington* v. *Pillsbury,* 114 U. S. 138, 143; *Little* v. *Giles,* 118 U. S. 596, 602; *Morris* v. *Gilmer,* 129 U. S. 315, 326. This provision of the act of 1875 was not superseded by the judiciary act of 1887, 1888, and is

still in force. *Lehigh Min. & Manuf. Co.* v. *Kelly*, 160 U. S. 327, 339; *Lake County Com'rs* v. *Dudley*, 173 U. S. 243, 251; *Defiance Water Co.* v. *Defiance*, 191 U. S. 184, 194, 195; *Minnesota* v. *Northern Securities Co.*, 194 U. S. 48, 66. The motion to dismiss the cause, based upon the proofs taken by the master, was, therefore, an appropriate mode in which to raise the question of the jurisdiction of the Circuit Court.

It is to be observed that the grounds assigned for the motion to dismiss the cause, taken alone, did not distinctly raise any question concerning the absence of diverse citizenship; for the motion only stated that the plaintiff and the defendants were, respectively, residents of the State of Washington. But it has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the Circuit Courts of the United States; and that a mere averment of residence in a particular State is not an averment of citizenship in that State for the purposes of jurisdiction. *Parker* v. *Overman*, 18 How. 137; *Robertson* v. *Cease*, 97 U. S. 646; *Everhart* v. *Huntsville College*, 120 U. S. 223; *Timmons* v. *Elyton Land Co.*, 139 U. S. 378; *Denny* v. *Pironi*, 141 U. S. 121, 123; *Wolfe* v. *Hartford L. & A. Ins. Co.*, 148 U. S. 389.

But the Circuit Court treated the question of jurisdiction as raised and passed upon it. We must therefore look at the evidence bearing on that point. *Defiance Water Co.* v. *Defiance*, 191 U. S. 184, 194, 195. The evidence warrants the conclusion reached by that court; namely, that the plaintiff was, for many years prior to the commencement of the action, a citizen of Massachusetts, and that her residence in the State of Washington, at and before the suit was brought, is not shown to be otherwise than temporary, without any fixed purpose to abandon citizenship in Massachusetts. So far as appears from the record, she was, when the suit was brought, a citizen of Massachusetts.

The Circuit Court did not err in taking jurisdiction of the cause, and

*It will be so certified.*