SWEENEY *v.* CARTER OIL COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA.

No. 32.  Submitted October 30, 1905.—Decided November 27, 1905.

Where suit is brought in the district of defendant's residence by plaintiffs who are citizens of other States than that of defendant, the Circuit Court has jurisdiction although plaintiffs are not themselves citizens of the same State.

THIS was an action of assumpsit brought in the Circuit Court of the United States for the Northern District of West Virginia by, as described in the summons, "Francis B. Sweeney, a resident in and citizen of the State of New York, and Halbert J. Porterfield, a resident in and citizen of the State of Pennsylvania, partners doing business under the firm name and style of Sweeney & Porterfield," against "Carter Oil Company, a corporation created, organized and existing under and by virtue of the laws of West Virginia, and as such a citizen thereof," to recover damages in the sum of $20,000.

The declaration, filed May 4, 1903, followed the summons

as to the citizenship of the parties, and contained ten special counts, most of them laying the damages at $20,000, and the common counts. An account stated was annexed giving items, running from 1900 to 1901, aggregating $20,912.42.

The record discloses that on February 3, 1904, the court entered an order overruling a motion "to dismiss this action for the want of jurisdiction apparent upon the face of the proceedings in this, that the plaintiffs are residents of different States seeking to sue a defendant of another State." On February 15, 1904, the court set aside that order, sustained the motion to dismiss, and entered judgment for defendant. May 10, 1904, the judge holding the Circuit Court filed a certificate "that the judgment of dismissal made in this cause on February 15, 1904, at the present term of this court, is based solely on the ground that the record does not show that the controversy is one, in my opinion, between citizens of different States, but that it appears from the record that one-of the plaintiffs, to wit, Francis B. Sweeney, is a resident in and citizen of the State of New York, and that Halbert J. Porterfield is a resident in and citizen of the State of Pennsylvania, while the defendant is a corporation created and existing under and by virtue of the laws of the State of West Virginia, and domiciled in the Northern District of West Virginia, and no other ground of jurisdiction appears from the record; and the case is dismissed only for the reason above stated, that is, that the controversy is not between citizens of different States, as is required by the Federal statutes to confer jurisdiction on this court, but one of the plaintiffs being a citizen of one State, to wit, the State of New York, and the other plaintiff being a citizen of the State of Pennsylvania, cannot, in my judgment, be joined as plaintiffs and sue in this court, a defendant residing in the Northern District of West Virginia, and consequently the proper citizenship of different States does not exist, and that the Circuit Court of the United States for the Northern District of West Virginia has no jurisdiction." This writ of error was granted the same day.

*Mr. V. B. Archer* and *Mr. W. S. Chesley* for plaintiffs in error, cited:

*Smith* v. *Lyon*, 133 U. S. 315; *Strawbridge* v. *Curtiss*, 3 Cranch, 267; *Removal Cases*, 100 U. S. 457; *Young* v. *Parker*, 132 U. S. 26; *Ballin* v. *Lehr*, 24 Fed. Rep. 193; *Pitkin County Mining Co.* v. *Markell*, 33 Fed. Rep. 386, quoting debate in Cong. Rec., March 3, 1887, vol. 18, p. 2724; *Roberts* v. *Railway Co.*, 104 Fed. Rep. 577; 18 Ency. Pl. & Pr. 193, 195; 1 Foster's Fed. Prac., 3d ed., 76; *Hooe* v. *Jamieson*, 166 U. S. 395; *Davis* v. *County Court*, 88 Fed. Rep. 705; *Jellinik* v. *Copper Co.*, 177 U. S. 1; *Iron Co.* v. *Stone*, 121 U. S. 631; *Cotton Press Co.* v. *Insurance Co.*, 151 U. S. 368; Carter on Jurisdiction of Federal Courts, 120; *McCormick* v. *Walthers*, 133 U. S. 41; *Coal Company* v. *Blatchford*, 11 Wall. 172.

*Mr. George L. Roberts, Mr. Reese Blizzard* and *Mr. Charles Gibbs Carter* for defendant in error, cited:

Act of March 3, 1887, ch. 373, § 1; act of August 13, 1888, ch. 866, § 1; act of March 3, 1891, ch. 517, §§ 4, 5, 6; *Harvey* v. *Richmond Railway Co.*, 54 Fed. Rep. 19; *Miller* v. *Penna. R. R. Co.*, 91 Fed. Rep. 289; *Laskey* v. *Mining Co.*, 50 Fed. Rep. 634; *Grace* v. *Am. Cent. Ins. Co.*, 109 U. S. 278; *Peper* v. *Fordyce*, 119 U. S. 467; *Minnesota* v. *Northern Securities Co.*, 194 U. S. 48; *Thomas* v. *Trustees*, 195 U. S. 207; Black's Law Dict., 1032; *Strawbridge* v. *Curtiss*, 3 Cranch, 267; *Hepburn* v. *Elzy*, 2 Cranch, 445; *New Orleans* v. *Winter*, 1 Wheat. 91; *Iron Company* v. *Stone*, 121 U. S. 632; *Barney* v. *Baltimore*, 6 Wall. 280; *Smith* v. *Lyon*, 133 U. S. 315; *Merchants* v. *Insurance Company*, 151 U. S. 368; *Hooe* v. *Jamieson*, 166 U. S. 395.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The Circuit Court dismissed the case for want of jurisdiction in that the controversy was not between citizens of different States, within the meaning of the statute, because plaintiffs were citizens of different States as between themselves, and could not be joined in an action against a citizen of West

Virginia. That was the sole point determined below, and the correctness of the conclusion is the sole question for determination here.

Defendant does indeed argue that the judgment should be affirmed because the declaration, though stating a sum of money to be due plaintiffs in excess of two thousand dollars, did not aver that this was "exclusive of interest and costs;" and did not aver that defendant was "a resident or inhabitant of the Northern District of West Virginia," nor was that fact "apparent from the record;" and because the citizenship of plaintiffs and defendant was not averred with sufficient directness. None of these points was raised below, and, as the record stands, they call for no consideration.

The judicial power under the Constitution extends to "controversies between citizens of different States."

The first section of the act of March 3, 1887, as corrected by that of August 13, 1888, 25 Stat. 433, c. 866, provides "that the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, . . . or in which there shall be a controversy between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, . . . and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; . . ."

The controversy here was "between citizens of different States;" the jurisdiction of the Circuit Court was founded on diversity of citizenship; and the suit was brought in the district of the residence of the defendant.

We do not feel warranted in construing the words "controversy between citizens of different States" to mean "controversy between citizens of the same State and citizens of another State," and unless that is done this judgment must be reversed.

In our opinion defendant, being a citizen of West Virginia, and a resident of the district in which it was sued, and plaintiffs being citizens of other States than West Virginia, the Circuit Court had jurisdiction.

The general subject was considered in *Smith* v. *Lyon*, 133 U. S. 315, the opinion of the court being delivered by Mr. Justice Miller. In that opinion it is pointed out that the first clause of the act of 1887 describes the jurisdiction common to all the Circuit Courts of the United States as regards the subject matter of the suit, and as regards the character of the parties, who by reason of such character may, either as plaintiffs or defendants, sustain suits in Circuit Courts; while the next sentence in the same section undertakes to define the jurisdiction of each one of the several Circuit Courts of the United States with reference to its territorial limits; and after quoting the latter clause in full Mr. Justice Miller said:

"In the case before us, one of the plaintiffs is a citizen of the State where the suit is brought, namely, the State of Missouri, and the defendant is a citizen of the State of Texas. But one of the plaintiffs is a citizen of the State of Arkansas. The suit, so far as he is concerned, is not brought in the State of which he is a citizen. Neither as plaintiff nor as defendant is he a citizen of the district where the suit is brought. The argument in support of the error assigned is that it is sufficient if the suit is brought in a State where one of the defendants or one of the plaintiffs is a citizen. This would be true if there were but one plaintiff or one defendant. But the statute makes no provision, in terms, for the case of two defendants or two plaintiffs who are citizens of different States. In the present case, there being two plaintiffs, citizens of different States, there does not seem to be, in the language of the statute,

any provision that both plaintiffs may unite in one suit in a State of which either of them is a citizen."

Referring to the language of section 11 of the judiciary act of 1789, giving jurisdiction to the Circuit Courts, "where the suit is between a citizen of the State where the suit is brought and a citizen of another State," the following from the opinion of Chief Justice Marshall in *Strawbridge* v. *Curtiss,* 3 Cranch, 267, was quoted: "The court understands these expressions to mean that each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the Federal courts. That is, that where the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts," which construction it was said has been adhered to from that day to this, notwithstanding the statute has been reënacted and recast several times since that decision. *New Orleans* v. *Winter,* 1 Wheat. 91; *Coal Company* v. *Blatchford,* 11 Wall. 172; *The Sewing Machine Companies,* 18 Wall. 553, and *Peninsular Iron Company* v. *Stone,* 121 U. S. 631, were cited in reiteration of the rule that "if there are several co-plaintiffs, the intention of the act is that each plaintiff must be competent to sue, and if there are several co-defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained." And the rule was held applicable under the act of 1887, especially in view of the fact that that act was mainly designed to restrict the jurisdiction of the Circuit Courts.

But if these citizens of Missouri and Arkansas had sued the defendant, a citizen of Texas, in the Circuit Court of the United States for the district of his residence in Texas, we perceive no reason why that court would not have had jurisdiction.

And this would be so if that defendant had sued those plaintiffs in his district in Texas if he there obtained service of process upon them.

In *McCormick Harvesting Machine Company* v. *Walthers,* 134 U. S. 41, 44, we said: "The judiciary act of 1789 provided

that no civil suit should be .brought before the Circuit or District Courts against an inhabitant of the United States by any original process in any other district than that whereof he was an inhabitant or in which he should be found at the time of serving the writ, 1 Stat. 79, c. 20, § 12, and the act of 1875, 18 Stat. 470, c. 137, § 1, contained a similar provision. This liability of the defendant to be sued in a district where he might be found at the time of serving process was omitted in the act of 1887, but he still remained liable to suit in the district of the residence of the plaintiff as well as in his own district; and as he could not be sued anywhere else, we held in *Smith* v. *Lyon*, 133 U. S. 315, that where there were two plaintiffs, citizens of different States, the defendant, being a citizen of another State, could not be sued in the State of either of the plaintiffs. Mr. Justice Miller points out, in delivering the opinion of the court, that the evident purpose of Congress in the act of 1887 was to restrict rather than enlarge the jurisdiction of the Circuit Court, 'while,' he says, 'at the same time a suit is permitted to be brought in any district where either plaintiff or defendant resides.' " In that case plaintiff was a citizen of Nebraska and brought suit in the Circuit Court of the District of Nebraska against an Illinois corporation, service being made on defendant's managing agent in Nebraska, as provided by the state statute. Defendant answered and then on leave withdrew the answer and filed a plea to the jurisdiction. The plea was overruled; and thereupon defendant went to trial on the merits upon issue joined on that answer. It was held that the objection to the jurisdiction, if it could be urged at all, must be confined to want of power to entertain the suit outside of defendant's own district, and that it was without merit.

Many decisions in respect of removal of cases of diverse citizenship are to the same effect. Thus in *The Removal Cases*, 100 U. S. 457, the provision of the act of 1875 that as to suits "in which there shall be a controversy between citizens of different States,   .   .   .   either party may remove said suit

into the Circuit Court of the United States for the proper district," was construed to mean "that when the controversy about which a suit in the state court is brought is between citizens of one or more States on one side, and citizens of other States on the other side, either party to the controversy may remove the suit to the Circuit Court, without regard to the position they occupy in the pleadings as plaintiffs or defendants. For the purposes of a removal the matter in dispute may be ascertained, and according to the facts the parties to the suit arranged on opposite sides of that dispute. If in such an arrangement it appears that those on one side, being all citizens of different States from those on the other, desire a removal, the suit may be removed." *Young* v. *Parker,* 132 U. S. 267; *Ballin* v. *Lehr,* 24 Fed. Rep. 193; *Pitkin County Mining Company* v. *Markell,* 33 Fed. Rep. 386; *Roberts* v. *Pacific & A. Railway & Nav. Co.,* 104 Fed. Rep. 377.

The contention in the present case seems to be that because defendant could not sue plaintiffs in the Circuit Court of New York, or that of Pennsylvania, therefore plaintiffs could not sue defendant in the Circuit Court for the Northern District of West Virginia. But this does not follow from the terms of the statute by which jurisdiction is conferred generally where plaintiffs are residents and citizens of States different from that of the residence and citizenship of defendant; and, moreover, defendant could, if it had a cause of action, have sued plaintiffs in the Circuit Court for the Northern District of West Virginia and proceeded with the action if they were served with process in such district. The clause vesting jurisdiction should not be confounded with the clause determining the particular courts in which the jurisdiction must be exercised.

*Judgment reversed and cause remanded to be proceeded in according to law.*