### PIONEER SOUTHWESTERN STAGES, Inc., v. WICKER.

### No. 6353.

Circuit Court of Appeals, Ninth Circuit.

June 8, 1931.

B. P. Gibbs, of Los Angeles, Cal., and Barry J. Colding, Theodore Hale, and Carroll B. Crawford, all of San Francisco, Cal., for appellant.

Thomas F. McCue, of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

From a judgment in favor of plaintiff-appellee for personal injuries sustained through the negligence of defendant-appellant while transporting plaintiff from Los Angeles, California, en route to Oklahoma, defendant appeals.

Federal jurisdiction is predicated upon diversity of citizenship. Appellee claimed citizenship in the southern district of California, and the action was brought in the northern district. Appellant admittedly was not a citizen of California. Appellant answered and pleaded to the merits, thereby waiving the venue of the court. Western Loan Co. v. Butte Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101. At the close of all the testimony, appellant moved for an instructed verdict, for the reason, among others not material here, that "the evidence being that the plaintiff was a resident of the state of Oklahoma, and there is no diversity of citizenship." Was appellee a citizen of California on May 13, 1930, is the sole question.

April 11, 1930, appellee received the injuries at Isleta, N. M.; was taken to a hospital at Albuquerque, and remained there

about three weeks; returned to Los Angeles for four or five weeks, and then went to Oklahoma to enter upon the employ in pursuit of which he was when injured. He said four or five weeks after the injury; his wife said five or six weeks, "some time in June." He had lived in Los Angeles with his wife and minor daughter for three years, and had purchased a home there on the installment plan. They did not intend to abandon the home until it was determined whether his wife's health could endure the Oklahoma climate. The wife and daughter remained in the home in Los Angeles and kept all his personal effects there until July, when they departed for Oklahoma. Defaulting in his payments, he lost his home in Los Angeles the latter part of July. Appellant examined appellee's attorney who testified that: "I understood and knew from correspondence and other facts that he was in Los Angeles at the time that this complaint was verified. I did not send the complaint down to the plaintiff at Los Angeles to have him verify it, but it was not because I did not know where he was."

The action was commenced May 13, 1930. Appellant claims appellee left California a few days before the complaint was filed, and that he lost his citizenship there upon departure. The established domicile of appellee for three years was in California. He had a right to seek employment in a new place without changing domicile and without losing citizenship in California, and his domicile would remain there until a new one was acquired. Citizenship means membership in the political civil community of a state, and entitles one to its privileges. U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588. The citizenship in California remained until a domicile in Oklahoma was established and he became a member of the civil state of Oklahoma, and such relation obviously did not obtain on May 13, 1930. Mitchell v. United States, 88 U. S. (21 Wall.) 350, 22 L. Ed. 584; Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360. Residence in Oklahoma, as claimed in the motion, was not equivalent to challenge of citizenship in California. Grand Trunk Ry. Co. v. Twitchell (C. C. A.) 59 F. 727. But this is immaterial, since the court must determine for itself its jurisdiction. Charroin v. Romort Mfg. Co. (D. C.) 236 F. 1011. Residence and citizenship are wholly different things. Steigleder v. McQuesten, 198 U. S. 141, 25 S. Ct. 616, 49 L. Ed. 986. Diversity of citizenship was an issuable fact and could have been raised before answer to the merits or by motion (Steigleder v. McQuesten, supra), or by general denial, unless opposed to the state practice. Roberts v. Lewis, 144 U. S. 653, 14 S. Ct. 945, 38 L. Ed. 747. And the court in its discretion may determine the issue or submit it to the jury. Wetmore v. Rymer, 169 U. S. 115, 18 S. Ct. 293, 42 L. Ed. 682; Gilbert v. David, supra. In the instant case, the issue being raised by denial in the answer, the court was privileged to submit the issue to the jury, with the other issues of fact. There was ample evidence for submission, and no point is made that it was not correctly submitted, and the jury having found against the appellant, it may not complain.

Affirmed.