## ANDERSON v. JACKSON.
No. 23833.    Feb. 26, 1935.

J. H. Warren and I. C. Sprague, for plaintiff in error.

Tom Finney and Lee & Allen, for defendant in error.

PER CURIAM. Simeon Jackson was a full-blood Choctaw Indian. He was born and reared in McCurtain county, Okla., where he owned an allotment. He married Sissie Jackson December 24, 1920. For some time before he was married he lived near Bethel in that county. To this union were born six children, four of whom died prior to Simeon Jackson, and were buried on his home place near Bethel, McCurtain county, Okla. At the time of his death he owned real and personal property in McCurtain county, and died in McCurtain county January 20, 1932, and was buried in the cemetery where his four children were buried.

At the time of his death he owned no property, real or personal, in Choctaw county, except possibly a radio.

On September 4, 1931, his wife, Sissie Jackson, procured a divorce from him in the district court of McCurtain county. The court, however, gave the husband the care and custody of the two minor children. After the divorce the husband placed the two chldiren in school in St. Agnes Indian Academy, and went to Hugo, Okla., to live with his mother.

The evidence is that he did not take with him his household goods, but either used some relatives' furniture or rented furnished apartments. He was possessed of considerable funds, and did much traveling by auto to Tulsa, Oklahoma City, and made frequent visits to McCurtain county. He was a ward of the government, had his check go to Bethel, and many other circumstances to show he still considered Bethel his home. There is considerable conflict in the evidence, which is voluminous, as to whether he and his wife had become reconciled and had lived together as husband and wife after the divorce.

The plaintiff in error, Z. D. Anderson, filed a petition in the county court of Choctaw county for the appointment of himself as administrator of the estate of Simeon Jackson. Objection was filed to this appointment by his divorced wife, Sissie Jackson, and mother of his two children, on the ground that the deceased was not a resident of Choctaw county at the time of his death. The county court appointed the petitioner, the objector appealed to the district court, which sustained the objections, dismissed the petition for appointment on the jurisdictional grounds, and the case is brought here on appeal.

The sole question involved is whether or not the deceased at the time of his death was a resident of Choctaw county.

When a petition for the appointment of an administrator in a court of this state is filed, "it is the duty of such court to determine the jurisdictional fact of the residence of the testator at the time of his death." Richards v. Huff, 146 Okla. 108, 293 P. 1028.

The word "resident," found in Oklahoma Statutes 1931, sec. 1069, fixing the venue for granting letters of administration, "is used there in its strict legal sense, and does not relate to a temporary abiding place of the decedent, but refers to that place where a man has his true, fixed, and permanent home, and to which when he is absent he expects to return." Richards v. Huff, 146 Okla. 108, 293 P. 1028.

The evidence is this case is very similar to the evidence in the case of Richards v. Huff, supra, in which case the holding of the court is that the legal residence having been once established, the evidence was insufficient to show that it had been abandoned.

The question here is presented whether or not there is evidence sufficient to show that Simeon Jackson removed from McCurtain county for good, and established his residence in Choctaw county within the meaning of the statute we are considering.

The trial court had all the witnesses before him, and found that Simeon Jackson, at the time of his death, was a resident of McCurtain county, and had never established a residence in Choctaw county in this state. We have carefully reviewed the entire record in the case, and bearing in mind the principles of law which we have stated, and by which the question as here presented should be determined, we are unable to say that such finding was clearly against the weight of the evidence.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles Wells, J. M. Jarrett, and Courtland M. Feuquay in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wells, and approved by Mr. Feuquay and Mr. Jarrett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.