## TOWNSEND v. BUCYRUS–ERIE CO.
### No. 2838.

Circuit Court of Appeals, Tenth Circuit.
July 14, 1944.

Creekmore Wallace, of Oklahoma City Okl., for appellant.

Charles P. Gotwals, Wm. A. Killey, James D. Gibson, and O. S. Fountain, all of Muskogee, Okl., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The sole question presented by this appeal is whether the appellant, Florence Marie Townsend, was a resident of Creek County, Oklahoma and hence within the venue of the United States District Court for the Northern District of Oklahoma when this suit was commenced.

Appellee, Bucyrus-Erie Company, a Delaware corporation, brought suit against appellant Florence Marie Townsend and one Grady Wallace on an unsatisfied Texas court judgment which appellee had obtained against Townsend and Wallace. Federal court jurisdiction was based upon diversity of citizenship and requisite amount in controversy, it being specifically alleged that appellee was a citizen and resident of the state of Delaware and Townsend and Wallace citizens and residents of the state of

Oklahoma. A summons was issued, returnable within twenty days after service thereof, personal service was obtained upon Marie Townsend but Wallace was not found in the District. Townsend appearing specially moved to dismiss the action, alleging that she was not a resident of the state of Oklahoma but resided in Ozark, Franklin County, Arkansas, consequently no diversity of citizenship existed between plaintiff and defendant, hence the court was without jurisdiction of the parties. The motion was supported by Townsend's affidavit to the effect that at the time of service of process in this case she was a resident of Franklin County, Arkansas and had resided there for three years past.

After hearing the testimony of Townsend the court overruled the motion to dismiss, holding that Townsend was a "resident and inhabitant" of the state of Oklahoma. Thereafter, Townsend filed a "motion to dismiss because of improper venue", again alleging that since she was not a resident of Oklahoma she was not subject to service of process within the Northern District of that state. However, before a ruling on this motion Townsend answered without waiving her motion to dismiss. She denied diversity of citizenship but admitted the requisite amount in controversy and pleaded a defense which is immaterial to the issues raised here. On the trial of the case Townsend again insisted upon the absence of diversity of citizenship and improper venue. No further testimony or evidence was introduced on this vital point and the court sustained its jurisdiction and venue, entering judgment in accordance with appellee's prayer.

■ Under the facts as pleaded and proven the "matter in controversy exceeds exclusive of interest and costs the sum or value of $3,000 and * * * is between citizens of different states". Federal jurisdiction therefore obtains whether Townsend is a resident and citizen of Arkansas as she contends or of Oklahoma as appellee contends, and as the trial court found and concluded. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; Sweeney v. Carter Oil Co., 199 U.S. 252, 26 S.Ct. 55, 50 L.Ed. 178. But this does not answer the further objection leveled at the venue of the court, which is predicated upon the statutory requirement that a suit founded upon diversity of citizenship must be brought only in the district of the residence of either the plaintiff or defendant. Sec. 51 of the Judicial Code, 36 Stat. 1101, 28 U.S.C.A. § 112; Camp v. Gress, supra. In that connection it is contended in effect that since Townsend is actually a resident of Arkansas the venue of the action is there and not in the Northern District of Oklahoma.

■ The requisite diversity of citizenship relates to the power to adjudicate and it cannot be conferred or waived, but venue based upon residence of the plaintiff or defendant within the meaning of Section 51 of the Judicial Code has to do with the locality of the lawsuit and relates to the convenience of the litigants. It is a personal privilege which the party sued may waive and one which he does waive by acquiescence. Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Graver Tank & Manufacturing Corporation v. New England Terminal Co., 1 Cir., 125 F.2d 71; Brooks v. Yarbrough, 10 Cir., 37 F.2d 527. Since the privilege has been asserted and has not been waived it becomes necessary to decide whether in addition to the jurisdictional prerequisite based upon diversity of citizenship, the appellant Townsend was a resident of the district in which she was sued.

■ State citizenship for the purpose of conferring jurisdiction in diversity of citizenship cases under Section 24 of the Judicial Code, 28 U.S.C.A. § 41(1), and residence in a judicial district for venue purposes under Section 51 of the Judicial Code, 28 U.S.C.A. § 112, are not necessarily one and the same thing—they are not synonomous, co-existent, or convertible terms. La Tourette v. McMaster, 248 U.S. 465, 39 S.Ct. 160, 63 L.Ed. 362; Steigleder v. McQuesten, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986; Jeffcott v. Donovan, 7 Cir., 135 F.2d 213; Pioneer Southwestern Stages v. Wicker, 9 Cir., 50 F.2d 581; Baker v. Keck, D.C., 13 F.Supp. 486; Harris v. Harris, 205 Iowa 108, 215 N.W. 661; Words and Phrases, Perm.Ed., vol. 7, page 228 and vol. 37 Words and Phrases, Perm.Ed., page 277. One may have a residence in a state while his citizenship continues in another. Jeffcott v. Donovan, supra; Rucker v. Boeles, 8 Cir., 80 F. 504, 509. Cf. Travis v. Yale & Towne Manufacturing Co., 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460; La Tourette v. McMaster, supra. State citizenship and residence are however related or

cognate terms and the existence of one, although not conclusive, is cogent evidence of the other. They both embody the concept of domicile or a place called home as distinguished from a transitory or temporary place of abode. State of Texas v. State of Florida, 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817, 121 A.L.R. 1179; Anderson v. Jackson, 170 Okl. 612, 41 P.2d 815; Am. Law Inst.Restatement, Conflict of Laws, Secs. 12 and 13; Words and Phrases, Perm. Ed. vol. 37 page 277; Beale's Conflict of Laws, Sec. 10.07. But see Owens v. Huntling, 9 Cir., 115 F.2d 160. Since proper venue is concerned primarily with the locality of the lawsuit and the convenience of the party or parties sued, we think it is pertinent to consider only whether under the particular facts shown here to exist the appellant had established a domicile or a home in Creek County and within the judicial district in which she was sued. Beale's Conflict of Laws, Sec. 10.14. The facts from which the trial court concluded that the appellant was a resident of Creek County, Oklahoma are not in dispute and are substantially as follows:

When this suit was commenced appellant was twenty-one years of age. Born in McIntosh County, Oklahoma she moved to Arkansas at the age of thirteen where she lived and attended school until 1941. She married Jerry Townsend and they lived in a house rented from his mother in Ozark, Arkansas for approximately three years. In January 1942, her husband enlisted in the United States Army and in the same month they moved to Sapulpa, Oklahoma, where they rented a house. Her husband was not formally inducted into the army until May, 1942, and in the meantime took some courses at the Spartan Aviation School. After living in the rented house for approximately three months they purchased a house because "it was a lot cheaper to buy a home than to rent". The appellant had been living in this property approximately three months when served with process in this case on the 14th of August, 1942. Appellant testified that title to the property was taken in the name of Jerry Townsend and Florence Marie Townsend, as joint tenants; that they moved part of their furniture from Arkansas to Sapulpa but left some with her mother-in-law in Arkansas; that they did not own a home in Arkansas but intended to return there when the war was over. Appellant was not a registered voter but her driver's license and the license on her automobile were both issued by the state of Arkansas. She further testified that she had filed a suit in the Federal court for the Eastern District of Oklahoma, wherein she alleged citizenship in Arkansas; that she spent considerable time in Muskogee and McIntosh Counties, Oklahoma and made frequent trips to Arkansas; that she had at various times joined her husband for short periods at his military post, but was now living at the home in Sapulpa.

Undoubtedly the appellant lived in and was a resident of the state of Arkansas until January, 1942. If, however, she actually removed from Arkansas to Oklahoma with an intention of remaining there for an indefinite time as a place of fixed and present abode, such place will be deemed to be her residence within the meaning of Section 51 of the Judicial Code, notwithstanding she may have entertained a floating intention to return to her previous domicile at some future date. See Am.Law Inst. Restatement, Conflict of Laws, Sec. 15. Cf. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; State of Texas v. State of Florida, supra. Declarations of intention to establish or retain residence in a particular locality are of course entitled to great weight in the determination of the factum of residence, but like other declarations they should be viewed in the light of the motive which prompted them. Ofttimes an unguarded course of conduct is more significant in the ascertainment of domicile or residence. State of Texas v. State of Florida, supra; E. I. Du Pont De Nemours & Co. v. Byrnes, 2 Cir., 101 F.2d 14; Beale's Conflict of Laws, Secs. 41 B and 41 C. The question is always one of compound fact and law, Sweeney v. District of Columbia, 72 App.D.C. 30, 113 F.2d 25, 129 A.L.R. 1370, and one which the trial court, having an opportunity to hear the testimony and observe the witnesses, is most competent to judge and we are not warranted in setting aside its findings and conclusions unless clearly erroneous. Mid-Continent Pipe Line Co. v. Whiteley, 10 Cir., 116 F.2d 871; Goodloe v. Hawk, 72 App.D.C. 287, 113 F.2d 753.

The appellant declared her citizenship and residence to be in the state of Arkansas, however when she was served with process in this case she was actually

110

living in a dwellinghouse in the Northern District of Oklahoma which she owned jointly with her husband. At that time she had no other place of abode or residence in any other state or district and it is fairly inferrable that she intended to remain at this place of abode for an indefinite period of time, although she may have also intended to return to the state of Arkansas at some future date. In these circumstances we are unable to say that the findings and conclusions of the trial court are clearly erroneous.

The judgment is affirmed.

HUXMAN, Circuit Judge (dissenting).

I think the decision of the trial court should be reversed. It is of course axiomatic that we should not substitute our judgment for that of the trial court where there is a conflict in the evidence, but in my view there is no conflict in the evidence in this case. It is all one way. There is no dispute but that appellant's legal domicile for years had been in Arkansas. The only peg upon which this decision can be hung is that appellant purchased a house in Sapulpa after her husband had enlisted in the army and thereby had evidenced an intent to make Sapulpa her future permanent home. In my view this peg is too weak to support the weight of this decision. She had an aunt living in Sapulpa; her husband had enlisted in the army. They had moved to Sapulpa a few months before he actually entered the army and had rented a house, but later bought this house because it was cheaper to buy than to rent.

Purchase of a house in a state other than that of one's legal domicile in itself raises no legal presumption of change of domicile. Yet that is what we have here. Every other inference, circumstance or evidentiary fact is consistent with her statement that Arkansas was her legal domicile, and inconsistent with the court's finding. Of course the trial court is best able to observe the demeanor and conduct of the witness on the stand, but there is no inkling of a suspicion in the entire record that the trial court could observe anything that is not apparent to us from the record. It is simply a question whether the purchase of this house in Sapulpa while the husband was in the army is sufficient in itself and standing alone to overcome all the uncontroverted facts which show the existence of a legal domicile in Arkansas. In my view it is not.

For these reasons, I respectfully dissent.