151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy E. PAIGE and Deborah S. Paige, Plaintiffs-Appellants,
v.
NORFOLK SOUTHERN RAILWAY COMPANY, Defendant-Appellee.
 No. 98-1047.
 United States Court of Appeals, Seventh Circuit.
 Argued June 10, 1998.
Decided June 17, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. No. EV-96-0103-C-D/H S. Hugh Dillin, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, Circuit Judges.
 
 Order
 
 1
 Timothy Paige was injured handling a railroad car on a siding at Kight Lumber Company, his employer. Kight instructed Paige and a coworker to move the car 40 yards so that it could be unloaded. Norfolk Southern Ry. had spotted the car at the south end of the siding, against a pile of sand and gravel that marked the end of the track. Paige and another worker maneuvered a forklift between the rails and attached a chain between forklift and car. Paige released the hand brake on the rail car, and the forklift operator put the car in motion. One stretch of the track inclines gently down to the north, and under the influence of gravity the car began to overtake the forklift. Paige did not apply the brake in time and was injured in the collision. An inspection after the accident revealed that the brake was in good working order. The only theory of liability Paige pursues on this appeal is that Norfolk Southern acted negligently by spotting the car at the south rather than the north end of the siding. Had the car been farther north, it could have been unloaded without movement (or could have been pushed rather than pulled by the forklift). The district judge granted summary judgment to Norfolk Southern after concluding that it did not owe Paige a duty of care.
 
 
 2
 At oral argument we raised a question that the parties and the district judge had overlooked: whether the complaint establishes federal jurisdiction. It alleges diversity of residence, but residence is not (always) citizenship, Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915), and the Supreme Court has held that a complaint alleging only residence must be dismissed. Steigleder v. McQuesten, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905); Denny v. Pironi, 141 U.S. 121, 11 S.Ct. 966, 35 L.Ed. 657 (1891); Robertson v. Cease, 97 U.S. 646, 24 L.Ed. 1057 (1878). After the argument plaintiffs sought leave to amend the complaint on the authority of 28 U.S.C. § 1653 to allege citizenship. Their motion is granted, and as amended the complaint shows that this case comes within the jurisdiction granted by 28 U.S.C. § 1332.
 
 
 3
 Although the district court resolved this case by holding that the railroad lacked any duty to Paige, its exposition fits more comfortably as an analysis of the negligence question--and in particular of the question whether any accident was foreseeable (and therefore whether the railroad needed to take precautions). It is easy and safe to move a car, if ordinary care is taken. There was no need, for example, to position the forklift between the rails, where a collision could occur. The forklift could have tugged at a shallow angle from the side (and the railcar has cable attachments for just this purpose). Or the employees could have attached a rigid towbar or spacer between the forklift and the car, which would have eliminated any risk of the car overtaking the forklift while going downhill. No evidence in the record suggests that Norfolk Southern knew or should have known that employees of Kight Lumber (or any other shipper) were moving cars in such a needlessly dangerous manner. Indeed, no evidence in the record suggests that an accident of this kind has happened at any other siding in the history of the railroad.
 
 
 4
 No railroad can prevent imprudent handling of cars on sidings. This is not to say that contributory negligence defeats recovery (though Paige was careless); it is to say, rather, that there is no evidence that additional cost-justified precautions by railroads would reduce the incidence of accidents of this kind. See Bammerlin v. Navistar International Transportation Corp., 30 F.3d 898, 902 (7th Cir.1994); Pries v. Honda Motor Co., 31 F.3d 543, 545 (7th Cir.1994) (both decided under Indiana law). Norfolk Southern is not an insurer; that role was filled by Kight Lumber under the workers' compensation laws. We are confident that Indiana would not permit Paige to tap a deep pocket for more.
 
 AFFIRMED