**Elliot DAVIS, Plaintiff–Appellee,**

v.

**Barbara CARTER, et al., Defendants–Appellants.**

No. 02–1519.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 2003.*

Decided March 13, 2003.

* After this case had been set for oral argument, the parties filed a joint motion waiving that part of the appellate process. The court granted that motion on November 1, 2002, and the appeal therefore is submitted for decision without argument.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

### Order

Elliot Davis brought this suit in Indiana state court against African–American Telecommunications ("AAT") plus several of its directors and officers, alleging violations of the Indiana Securities Act and breach of fiduciary duty. The original defendants removed the case to federal court, asserting that diversity of citizenship supplies federal jurisdiction. Two additional defendants were added after the case was in federal court. Eventually the district judge entered defaults against most defendants and assessed damages at approximately $2 million. Barbara Carter, Beatrice Murray, and Nichole Weedon have appealed from the final judgment; the other defendants have not.

Circuit Rule 28(a)(1) requires litigants to identify in their briefs the citizenship of each party to the case. The parties in this case did not do so. Both the appellants and the appellee told us in the jurisdictional sections of their briefs that the case had been removed because Davis was a resident of Indiana and three appealing defendants were residents of Georgia. But residence may differ from citizenship (which means domicile), see *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir.2002), and unless complete diversity of citizenship is established the case must be returned to state court. See *Steigleder v. McQuesten*, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905); *Denny v. Pironi*, 141 U.S. 121, 11 S.Ct. 966, 35 L.Ed. 657 (1891); *Robertson v. Cease*, 97 U.S. 646, 24 L.Ed. 1057 (1878). Moreover, the jurisdictional statements did not mention the non-appealing parties, whose citizenship also matters. We therefore directed the parties to file supplemental memoranda (and, if appropriate, to amend the pleadings under 28 U.S.C. § 1653) to show the citizenship of all parties. Davis responded by filing a memorandum of law plus an amended complaint with appropriate jurisdictional allegations; appellants (the parties who want to be in federal court) perplexingly did nothing. The details that Davis supplied show complete diversity, so we address the merits.

The district judge's rationale for entering default judgment against Carter, Murray, and Weedon is that none filed an effective answer to the complaint. All three filed documents that they thought would serve as responses: Murray and Weedon (then acting pro se) sent letters to the court generally denying Davis's allegations, while Carter filed through counsel a formal motion under Fed.R.Civ.P. 12(b)(2) to dismiss for lack of personal jurisdiction, a step that puts off the time to file an answer. The district court concluded that the letters did not comply with Fed.R.Civ.P. 10 and 12(a)(1), which left Murray and Weedon in default; the court refused to allow them to cure that default and, because they had not filed answers, also refused to allow them to contend, via a motion to vacate under Fed.R.Civ.P. 55(c), that the court lacks personal jurisdiction over them. (Carter, Murray, and Weedon live in North Carolina, and all three say that they have never done business in Indiana or conducted there any of the transactions that gave rise to this suit.) As for Carter: The district court ordered her to pay $2,000 to cover the costs of a deposition she missed, and when she did not pay promptly the judge struck her motion to dismiss, refused to accept any other pleading from her, and entered the

default judgment–again without deciding whether the court possesses jurisdiction over Carter's person.

This gets things backward. A court lacks authority to enter a judgment binding persons over whom it lacks personal jurisdiction. Carter filed a motion to dismiss under Rule 12(b)(2) and was entitled to a decision on that issue. Doubtless she was obliged to cooperate in any discovery necessary to resolve the jurisdictional issue, and the district court was entitled to ensure compliance with its orders (through the contempt process if necessary), but until resolving the jurisdictional dispute the court could not wrap up the merits, as a default judgment does. It is not clear to us that Carter deserved the $2,000 sanction; she contends that she did not receive notice of the deposition that Davis's lawyers scheduled, and the district court seems not to have addressed this contention. But whether or not imposition of a sanction was proper, a debate about missing a deposition does not justify pretermitting an objection to jurisdiction, for until ensuring that it possesses personal jurisdiction a court is not entitled to resolve the merits. See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

It is not as if the jurisdictional objection were frivolous. Given *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), even the state of incorporation may have some difficulty obliging corporate directors or officers to appear and defend. AAT was incorporated and had its principal place of business in Georgia; it is far from clear that Indiana may subject AAT's officers and directors to process outside of their home states. Indeed, the district court dismissed Davis's claim against Peter Baker, AAT's president, after concluding that Indiana lacks personal jurisdiction with respect to him. (Davis has not appealed from this component of the judgment.) It is hard to see any material difference between Baker's situation and that of AAT's other directors and officers.

■ Murray and Weedon, unlike Carter, did not move to dismiss at the outset. If they filed proper answers to the complaint, then the omission from the answers of a contention that the court lacks personal jurisdiction forfeits that line of argument. See Fed.R.Civ.P. 12(h)(1); *Swaim v. Moltan Co.*, 73 F.3d 711, 717 (7th Cir. 1996). If, on the other hand, they did not file proper answers, then Rule 12(h)(1) is irrelevant. Persons sued in a court that lacks jurisdiction retain the option of ignoring the proceedings and contesting jurisdiction later, on collateral attack if need be. See *Earle v. McVeigh*, 91 U.S. 503, 507, 23 L.Ed. 398 (1875); *Robinson Engineering Co. Pension Plan v. George*, 223 F.3d 445, 448 (7th Cir.2000); *Swaim*, 73 F.3d at 716. Here the "later" was the motion under Rule 55(c).

Thus there are two possibilities: (1) the letters served as answers, in which event any argument that the court lacks personal jurisdiction has been forfeited but Murray and Weedon are entitled to defend on the merits; or (2) the letters were not answers, in which event Murray and Weedon have forfeited their opportunity to defend on the merits but are entitled to resolution of their contention that the court lacks personal jurisdiction. It is not possible for a federal court to treat an irregular response to the complaint as forfeiting *both* the merits and personal jurisdiction. Yet that is what occurred here.

The judgment with respect to Carter, Murray, and Weedon is vacated, and the case is remanded for further proceedings consistent with this order.