In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3408

GREGORY W. HEINEN,

*Plaintiff-Appellant*,

*v.*

NORTHROP GRUMMAN CORPORATION,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 3565—**Suzanne B. Conlon**, *Judge*.

ARGUED JANUARY 12, 2012—DECIDED FEBRUARY 7, 2012

Before EASTERBROOK, *Chief Judge*, and ROVNER and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. While living in California, Gregory Heinen agreed to take a job with Northrop Grumman in Illinois. He contends in this suit that Northrop failed to pay the relocation benefits it promised.

The suit was filed in a state court and removed by Northrop under the diversity jurisdiction. Northrop is a Delaware corporation with its principal place of

business in California. The notice of removal asserted that Heinen was a "resident" of Massachusetts and therefore a "citizen" of that state. The jurisdictional section of Northrop's brief contains the same assertion. But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of "residence" is therefore deficient. See, e.g., *Gilbert v. David*, 235 U.S. 561 (1915); *Steigleder v. McQuesten*, 198 U.S. 141 (1905); *Denny v. Pironi*, 141 U.S. 121 (1891); *Robertson v. Cease*, 97 U.S. 646 (1878).

When the events at issue began, Heinen was a citizen of California. In February 2006 he agreed to relocate to Illinois to work for Northrop. In April 2006, when he moved to Illinois, his family stayed behind. He quit in September 2006; his family was still in California. The record does not show whether he moved back, but the principal item of damages asserted in this suit is a loss that Heinen alleges he incurred when the lender foreclosed in April 2008 on the house in California. For all we could tell, Heinen may still be a citizen of California, intending to return there after a short stay in Massachusetts.

When we raised this issue at oral argument, counsel for both sides were surprised to learn that "citizenship" for the purpose of 28 U.S.C. §1332 depends on domicile rather than residence. We directed Northrop to amend the jurisdictional allegations in its notice of removal, a step that can be taken even while a case is on appeal. 28 U.S.C. §1653. The amended notice shows that Heinen

and his family had a home in Massachusetts when the case was removed, that he was registered to vote there, and that he had a driver's license issued by that state. This shows domicile, so subject-matter jurisdiction has been established. Heinen has moved to remand the case, asserting (for the first time) that federal courts lack jurisdiction, but his motion does not contain any information pertinent to domicile; the motion to remand is denied.

Jurisdiction should be ascertained before filing suit in federal court (or, as here, removing a suit to federal court). Counsel have wasted the court's time, and their clients' money, by postponing essential inquiries until after the case reached the court of appeals. That strategy often leads to a jurisdictional dismissal and the need to start over in state court. Why take that risk? Lawyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations.

On to the merits. Heinen accepted an offer of employment that was contingent on his agreement to Northrop's "Dispute Resolution Process." He signed a document accepting that process. He also apparently signed an employment contract, which is not in the record. There was a third contract, captioned "Supplementary Employee Relocation Agreement." The "Dispute Resolution Process" provides for arbitration of employment-related disputes; the employment and relocation agreements do not contain separate arbitration clauses. The district court concluded that the "Dispute Resolution

Process" covers disputes about relocation benefits. It ordered Heinen to arbitrate and dismissed the complaint. That is a "final decision" appealable under 9 U.S.C. §16 and 28 U.S.C. §1291. See *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79 (2000).

The "Dispute Resolution Process" requires arbitration of "[a]ny employment-related claim against the company", with some irrelevant exclusions (such as disputes about workers' compensation, pensions, and taxes). The district court held that Heinen's demand for additional relocation benefits is an "employment-related claim". Heinen's appellate brief asserts that the relocation agreement is "collateral to and separate from" the employment contract, which is true but irrelevant.

Heinen does not come to terms with the language of the arbitration clause. Relocation benefits are "employment-related". One relation is obvious: the benefits are payable only on account of employment. Here's another relation: the relocation agreement provides that a recipient must repay all benefits "should I resign or be discharged for cause within twelve (12) months after my arrival at the new location". Heinen *did* resign within a year after his arrival in Illinois.

He wants us to treat the arbitration clause as if it covered only "all disputes under the employment contract", but that's not what it says. The breadth of "employment-related" is why the clause had to *exclude* disputes about taxes and pensions, which are as "collateral" as relocation benefits. Indeed, since the arbitration clause is not in the employment contract any more than

it is in the relocation agreement, it is hard to fathom why Heinen thinks that it applies to the former but not the latter.

Northrop contends that the appeal is frivolous—which it is—and asks for sanctions. The request is in Northrop's appellate brief. But Fed. R. App. P. 38 provides that a litigant seeking sanctions must request them in a "separately filed motion". And this court is not inclined to award sanctions in favor of a party that cannot be bothered to follow the rules itself. Morgan, Lewis & Bockius, LLP, which represents Northrop, should be able to tell the difference between residence and domicile, and should not have any difficulty complying with Rule 38.

Two weeks after oral argument, on the same day it filed its amended notice of removal, Northrop filed a separate motion for sanctions. This comes too late. If we were seriously considering sanctions, we could have initiated the process ourselves promptly after oral argument (if not before). There is little point to requesting sanctions twice, once in a brief and again by motion, and the duplication can cause both confusion and extra work for everyone. Rule 38 permits a court of appeals to award sanctions, after giving notice and an opportunity to respond, whether or not a litigant files a separate motion. Our *Practitioner's Handbook for Appeals* 45 (2003 ed.) tells counsel that the court may elect to issue such a notice if a brief requests sanctions. See also *Greviskies v. Universities Research Association, Inc.*, 417 F.3d 752, 760–61 (7th Cir. 2005); *In re Bero*, 110 F.3d 462 (7th

Cir. 1997). Unless the court gives notice, however, an adverse litigant is free to ignore a request made in a brief. Likewise an adverse litigant can safely ignore a post-argument motion for sanctions, unless the court calls for a response.

AFFIRMED; MOTION FOR SANCTIONS DENIED