NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 16, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2068

| | |
|---|---|
| SIDNEY R. MILLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:11-cv-02395 |
| MICHAEL E. FRYZEL and ROBERT C. SAMKO, | Sharon Johnson Coleman, |
| *Defendants-Appellees.* | *Judge.* |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Sidney Miller appeals the dismissal of his lawsuit principally claiming legal malpractice. The district court concluded that it lacked subject-matter jurisdiction yet dismissed the action with prejudice. We agree that the district court did not have jurisdiction but modify the dismissal to be without prejudice.

Miller operated several currency exchanges in Chicago and hired local attorney Michael Fryzel in 1990 to provide legal services. The relationship dissolved in 2002 when Miller decided to relocate two of his branches near competing currency exchanges whose owners Fryzel also represented. Fryzel later sued Miller in Illinois state court seeking roughly $38,000 in unpaid legal fees, and three years after commencing that suit he was appointed to a six-year, nonrenewable term on the board of directors of the National Credit Union Administration in Washington, D.C. *See* 12 U.S.C. § 1752a(c).

Fryzel prevailed in the state lawsuit in July 2011. *Fryzel v. Miller*, No. 05 L 5880 (Ill. Cir. Ct. July 25, 2011). But before judgment issued, Miller had twice removed that litigation to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The first time, in 2010, the district court remanded the case because the amount in controversy did not meet the jurisdictional threshold. *See Fryzel v. Miller*, No. 10 C 1622 (N.D. Ill. Mar. 15, 2010), *appeal dismissed*, No. 10-2217 (7th Cir. Dec. 9, 2010). A year later Miller launched this malpractice action against Fryzel, likewise asserting diversity of citizenship. Miller identified himself as a citizen of Illinois and alleged that Fryzel had become a Virginia citizen by residing in that state after accepting his federal appointment. On the same day Miller again removed the state case, this time arguing that his demand for damages in the malpractice case could be added to the amount of unpaid fees Fryzel was seeking to satisfy the $75,000 minimum amount in controversy. *See* 28 U.S.C. § 1332(a). The district court rejected this aggregation theory and promptly remanded the state case. *See Fryzel v. Miller*, No. 11 C 2399 (N.D. Ill. Apr. 19, 2011), *appeal dismissed*, No. 11-2388 (7th Cir. Aug. 18, 2011).

Meanwhile, Fryzel moved to dismiss the malpractice action on several grounds, including that he remained a citizen of Illinois and thus subject-matter jurisdiction was lacking. With that motion pending, Miller amended his complaint to aver that he had moved to Indiana and acquired citizenship there. He also named as an additional defendant Robert Samko, a citizen of Illinois and one of Fryzel's lawyers in both state and federal court. Miller accuses Samko of committing a "fraud on the court" in his role as Fryzel's lawyer in the state litigation. But Miller did not seek or ever obtain leave to proceed against Samko with this unrelated—and frivolous—claim against Samko, *see* FED. R. CIV. P. 15(a)(2), (d); *Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356–57 (7th Cir. 2011);

*Soltys v. Costello*, 520 F.3d 737, 742–43 (7th Cir. 2008), nor did Miller ever take steps to have Samko served with process.

Fryzel again moved to dismiss and submitted an affidavit asserting Illinois citizenship. In that affidavit he attests that Illinois always has been his domicile. He acknowledges paying Virginia income taxes but avers that he receives mail at his Illinois residence, holds an Illinois driver's license, and is registered to vote in Illinois. And though Miller identified himself in his amended complaint as a citizen of Indiana, Fryzel argued that Miller's citizenship when he filed suit is all that matters under § 1332. Miller responded by questioning the validity of Fryzel's signature on his affidavit but otherwise did not contradict Fryzel's claim of Illinois citizenship or disagree that his own relocation to Indiana was irrelevant. The district court invited Miller to further address Fryzel's motion to dismiss, and when Miller did not, the court dismissed the case with prejudice for lack of subject-matter jurisdiction. The court found that Miller and Fryzel (as well as Samko) were citizens of Illinois when the case was commenced.

On appeal Miller concedes that, as to Fryzel, the citizenship of the parties at the commencement of the lawsuit governs under § 1332. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574–75 (2004); *Conolly v. Taylor*, 27 U.S. (2 Pet.) 556, 564–65 (1829). Miller was then a citizen of Illinois, not Indiana, but he continues to insist that Fryzel was a citizen of Virginia. The district court concluded otherwise, and that factual finding is not clearly erroneous. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Miller's change of domicile could not matter, then, because complete diversity still was lacking when he named Samko as a defendant in his amended complaint.

When facts relevant to subject-matter jurisdiction are disputed, the plaintiff must establish those facts by a preponderance of the evidence. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010); *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008). Miller points to Fryzel's residence in Virginia, but citizenship depends on domicile, not residence. *See Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Domicile is where a person "intends to live over the long run," *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and Miller did not offer evidence, or even assert, that Fryzel intends to remain in Virginia when his temporary appointment ends. Neither did Miller challenge the factual content of Fryzel's affidavit, which suffices to establish his continuing domicile in Illinois. *See id.* (concluding that plaintiff's domicile in Massachusetts was established by uncontested notice of removal alleging that plaintiff and his family had home in Massachusetts, that he was registered to vote there, and that his driver's license was issued by that state). A second home in another state is not unusual, and courts should be cautious about inferring that

someone has abandoned a domicile of many years simply by residing in another state for a time. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). And the suggestion that Fryzel's affidavit should have been disregarded because Miller suspects the signature to be fake is frivolous.

One point remains: The district court should not have dismissed the amended complaint with prejudice. Dismissal for lack of subject-matter jurisdiction is not a decision on the merits and should not preclude a plaintiff from pursuing his claims in another forum to the extent possible. *See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

Accordingly we **AMEND** the dismissal to be without prejudice and, as amended, **AFFIRM** the judgment. Miller's motion asking us to take judicial notice of documents filed in the state-court litigation and his motion for oral argument are **DENIED**.