## WALLACE v. UNITED STATES.

### No. 1320 A.

District Court, W. D. New York.

Sept. 22, 1941.

William B. Mahoney, of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., and Robert M. Hitchcock, Asst. U. S. Atty., both of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This suit has been pending since January 23, 1934. It was noticed for trial for the November, 1937, term of court. Upon the plaintiff's failure to move it for trial, the case was dismissed. The order of dismissal was entered and a copy thereof served on the attorney for the plaintiff on May 13, 1938. Nothing further was done until November 12, 1940, when the plaintiff moved to vacate the order of dismissal. Pending consultations between the attorneys for the parties, action on the motion to vacate was held until February 14, 1941, when the motion was granted.

The defendant now moves, under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to set aside the vacating order on the ground of the alleged "inadvertence" of the United States Attorney to call attention to such rule on the motion to vacate. At the time of the granting of the motion it was agreed between the respective attorneys that to expedite the trial a stipulation of facts would be promptly prepared. This was done, and the stipulation signed by both attorneys. No further order or other proceedings were taken with respect to the last-mentioned motion until the instant motion was made.

The motion to vacate was granted for reasons which the Court deemed sufficient.

■■■ Rule 60(b) provides that it shall be made "within a reasonable time" but in no case exceeding six months after such judgment, order or proceeding was taken. This motion was not within a reasonable time. The section finds its origin in section 473 of the California Code of Civil Procedure. Moore's Federal Practice, Vol. 3, p. 3280. Under the California Code it has been held that the granting of an order under such section is discretionary. Moore's Federal Practice, Vol. 3, pp. 3281 and 3282, and citations. The rule itself provides that the court may "relieve a party." In the exercise of the Court's discretion in the instant case, the motion should be denied for the reasons hereinbefore assigned.