### DEAN v. BITUMINOUS CASUALTY CORPORATION.

Civil Action No. 2123.

District Court, W. D. Louisiana, Shreveport Division.

Aug. 19, 1947.

802

Booth, Lockard & Jack, of Shreveport, La., and Truett L. Scarborough, of Ruston, La., for plaintiff.

Joseph Loret, of Baton Rouge, La., amicus curiae, for plaintiff.

Theus, Grisham, Davis & Leigh, of Monroe, La., for defendant.

Edward Dubuisson, of Opelousas, La., amicus curiae, for defendant.

PORTERIE, District Judge.

Mrs. Ervin Dean sues on behalf of herself and her minor child for damages arising out of an automobile accident, which occurred in Claiborne Parish, Shreveport Division, Western District of Louisiana, on or about September 28, 1946. She alleges that the accident was the result of the sole negligence of an employee of the H. R. Hayes Lumber Company. The H. R. Hayes Lumber Company is the holder of a policy-contract from the defendant, the Bituminous Casualty Corporation, wherein the latter agrees to defend any action and pay any judgment rendered against the said Lumber Company as the result of the negligent operation by the said Lumber Company of the truck driven by an employee of the said Lumber Company, at the time of the accident.

It is further alleged (Article 22) that the Bituminous Casualty Corporation is a proper defendant by reason of Act 55 of 1930 of the Legislature of the State of Louisiana. The applicable section lof Act 55 of 1930 reads as follows:

"Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido."

The defendant corporation has filed a motion to dismiss as follows:

(a) "That this Court is without jurisdiction for the reason that Act 55 of the General Assembly of the State of Louisiana for the year 1930, under which Act this action is instituted, is procedural with respect to and confined to the State courts of the State of Louisiana."

(b) "That even if otherwise, the complaint fails to allege sufficient facts to justify the application of the Statute aforesaid."

(c) "That the complaint does not state a cause of action or a right of action against this defendant."

(d) "That the complaint fails to state a claim on which relief can be granted."

Article 3 of plaintiff's petition is very important and reads as follows:

"The Bituminous Casualty Corporation is a foreign insurance company, organized under the laws of the State of Illinois, domiciled at Rock Island, Illinois, with its

principal office in Rock Island, Illinois, but authorized to do business and doing business in the State of Louisiana."

Obviously, there is jurisdiction as to the subject matter: Diversity of citizenship (the defendant is a resident of Illinois and the plaintiff is a resident of Louisiana), and there is the necessary amount. Jud. Code, § 24(1), 28 U.S.C.A. § 41(1). Now, as to venue, the case of Neirbo Co. et al. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R.1437, applies. When the defendant qualified to do business and did business in the State of Louisiana, it made itself subject to suit in its line of business, anywhere in Louisiana, in both the state and federal courts in Louisiana. It waived its right to plead to the venue; it is estopped from making the present motion. This really should end this opinion; for it is enough!

Our views in the case of Williams v. James, D.C., 34 F.Supp. 61, fully overrule the motion to dismiss of the defendant corporation. To save time and labor, we make the *parts* of that opinion, covered by Headnotes 1 to 6, both inclusive, and by Headnotes 10 to 12, both inclusive, a part of this opinion.

The case of Williams v. James was decided in the year 1940 and was substantially quoted from by the attorneys for the plaintiff, in the briefs submitted in the case of Murphree v. Mississippi Publishing Corporation, 5 Cir., 149 F.2d 138, and also in the same case when in the Supreme Court of the United States, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. In the latter case, the Williams v. James case is mentioned in Footnote 1. It is one of the early cases to espouse and follow the Neirbo Company v. Bethlehem Shipbuilding Corporation doctrine and also to sustain the validity of Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Of course, the Murphree case in the Circuit Court of Appeals and in the Supreme Court of the United States, supra, and not Williams v. James, really overrule the instant motion to dismiss. We make reference to Williams v. James because it has our language.

Movant makes much of the language in Act 55 of 1930: "In the parish where the accident or injury occurred or in the parish where the assured has his domicile." The accident occurred in Claiborne Parish, in the Shreveport Division of the Western District of Louisiana, so that gives the necessary jurisdiction.

The plaintiff (the assured) has her domicile in Claiborne Parish; so, again, our jurisdiction is established. Jud.Code, § 51, 28 U.S.C.A. § 112.

But a point made by movant is that Act 55 of 1930 being purely procedural, as declared by the State courts, may not be used to establish jurisdiction in the Federal courts.

If there be a point that the Neirbo Company v. Bethlehem Shipbuilding Corporation case decided, it is that a designation by a foreign corporation, in conformity with a valid statute of a State and as a condition of doing business within it, of an agent upon whom service of process may be made, is an effective consent to be sued in the Federal courts of that state.

By the same analogy, when the State of Louisiana passed Act 55 of 1930, saying, "that the injured person or his or her heirs, at their option, shall have a right of direct action (in the state courts) against the insurer company within the terms, and limits of the policy, * * * and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido," it was the creation of that same right of action for the benefit of all residents of Louisiana of the right to sue also in the Federal courts within the State of Louisiana, under like situation and circumstances.

Most advocates do not realize that under Jud. Code § 24(1), 28 U.S.C.A. § 41 (1), a citizen of Maine may file a suit against a citizen of California in the Western District of Louisiana, provided it be of jurisdiction as to amount of $3000, and if the California citizen filed no objection (the objections he may file are personal), the Federal court would have jurisdiction. The court on its own motion could not disclaim jurisdiction. Justice Frankfurter in the

Neirbo case brought our minds back to that original and basic fact.

We might refer to the Coastal Club, Inc., v. Shell Oil Company case, D.C., 45 F.Supp. 859, 860. The first paragraph in this opinion reads:

"The plaintiff is a Louisiana corporation and the defendant a Virginia corporation, and the matter in controversy exceeds the sum of $3,000.00."

Then, we quote the paragraph (45 F.Supp. at page 861) which became Headnote (1):

"We should think this action is cognizable before any district court of the United States: Judicial Code, § 24(1) 28 U.S.C.A. § 41(1). Ex parte Schollenberger, 96 U.S. 369, 378, 24 L.Ed. 853. The subject matter of this action is, therefore, properly before this court. This fact pervades in this opinion. However, 'The clause (section) vesting jurisdiction should not be confounded with the clause (section) determining the particular courts in which the jurisdiction must be exercised.' Sweeney v. Carter Oil Co., 199 U.S. 252, 26 S.Ct. 55, 58, 50 L.Ed. 178."

The content of the above headnote is borrowed of course, from the Neirbo Company case, and particularly from the following language, at page 167 of 308 U.S., at page 154 of 60 S.Ct., 84 L.Ed. 167, 128 A.L.R. 1437:

"The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. After a period of confusing deviation it was firmly reestablished in General Investment Co. v. Lake Shore [& M. S.] Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; and Lee v. Chesapeake & Ohio Ry. [Co.], 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, overruling Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, and qualifying In re Moore, 209 U.S. 490, 28 S.Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164. All the parties may be non-residents of the district where suit is brought. Lee v. Chesapeake & Ohio Ry. [Co.] supra. Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert or may waive, at his election.' Commercial [Casualty] Ins. Co. v. [Consolidated] Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252."

Having been the Attorney General of the State, we were placed in a position to observe the significance of Act 55 of 1930. We made research at the time and discovered there were only two other States besides Louisiana that had any statute of this character. We are impressed with its liberal provisions, it cuts much red tape in the reaching of judgment by injured persons, growing out of accidents where the tort-feasor carries casualty insurance protection. Insurance corporations opposed the measure but the Legislature of the State favored the measure; insurance corporations should now realize that Act 55 of 1930 has caused them to get much more business because of the satisfaction that the general public had from its operation.

■ When the provisions of Act 55 of 1930 are used as in this case by a plaintiff to enter suit in the Federal court, one concept is readily made and that concept is that the Act permits the direct suit in the Federal courts as a matter of Federal procedure, just like it permits the direct action against the insurer in the State courts as a matter of State procedure.

■ We are, therefore, unable to sustain defendant in its motion under either of its four subheads, a, b, c, d, aforequoted. The accepted rule of interpretation is that the well-pleaded facts of the complaint are accepted as proved and all reasonable inferences from these facts are made in plaintiff's favor.

■ Most casualty insurance contracts provide as a condition that: "No action shall lie against the company * * * until the amount of the Insured's obligation to pay shall have been finally determined * * * by judgment against the

Insured." Act 55 of 1930 has become a part of every casualty insurance contract in Louisiana, even though this above provision were in a contract. Tuck v. Commercial Standard Insurance Company of Dallas, Texas, La.App., 164 So. 472.

The insuring company, when it sold the policy, agreed that anyone having a cause of action under the policy should have a direct action against it. In other words, the Statute became a part of every contract; no company could enter the State of Louisiana and do business except in obedience with the Statute.

A provision in an insurance contract that a suit under the contract must be brought within a specified period after the occurrence of the loss is much akin to the provisions of Act 55 of 1930, but, obviously, neither provision has anything to do with civil procedure, either State or Federal.

For sixteen years there has been repeated application of Act 55 of 1930 by the district courts of the United States for both the Western and Eastern district of Louisiana. The Fifth Circuit Court of Appeals, too, by indirection has already approved of the Act in the case of Wells, et al. v. American Employers Insurance Company, 1942, 132 F.2d 316, where Justice McCord in a dissenting opinion said that the right of direct action against the insurer by the plaintiffs would have "admittedly" been available "if the actions had been instituted in the Federal Court sitting in Louisiana." 132 F.2d at page 317.

We believe that this late challenge by the insurance companies is a belabored attempt at nullifying an Act which has been very salutary for the general public and beneficial for the casualty companies.

The movant makes the point that the actual defendant in this case is the tort-feasor, not the tort-feasor's insurer. This is purely theoretical. The Legislature had the right to pass Act 55 of 1930. In the face of it the defendant (insurer) entered the State to do business, qualified to do business and did the particular business which is at issue in this case. The defendant is estopped by this waiver of venue. See the Neirbo case, supra, and particularly Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

Accordingly,

The motion to dismiss filed by the defendant is overruled and denied.

This opinion is fully applicable to the case of Soileau et al. v. New Amsterdam Casualty Co., Opelousas Division, Western District of Louisiana, tried by us with jury, and now on appeal, wherein the same character of motion to dismiss was overruled and denied. We pray the Circuit Court of Appeals for the Fifth Circuit to use this opinion in the consideration of the Soileau case, wherein the point at issue here is to be first decided. No formal opinion was written by us in the Soileau case.