ITALIAN COOK OIL CORP. v. CHARLES A. KRAUSE MILLING CO.

Civ. A. No. 8908.

United States District Court
E. D. Pennsylvania.

Oct. 16, 1950.

1. Producers Releasing Corporation De Cuba v. P.R.C. Pictures, Inc., D.C., 8 F.R.D. 254, and cases there cited.

Joseph DeLacy, Philadelphia, Pa., for plaintiff and substituted plaintiffs.

Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter is before the Court on a Rule to set aside a default judgment entered on the 2nd day of June, 1949. Suit had been started by the plaintiff, a New York corporation, against the defendant, a Wisconsin corporation, on the 29th day of September, 1948. Service of process was properly made upon the Secretary of the Commonwealth of Pennsylvania on the 7th day of October, 1948. Defendant's motion to set aside the judgment and to allow it to present a defense on the merits was filed on the 1st day of December of 1949.

■ A petition to set aside a default judgment is addressed to the sound discretion of the Court. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 130 F.2d 185; Wallace v. United States, D.C.W.D.N.Y., 2 F.R.D. 173; Ledwith v. Storkan, D.C., 2 F.R.D. 539; Moore's Federal Practice, Vol. 3, p. 3277.

■ Defendant bases its petition upon that part of Rule 60(b), Fed.Rules Civ. Proc. 28 U.S.C.A., which refers to "excusable neglect" upon its part. I have considered the matter very carefully and considered fully the briefs and arguments of council. The "excusable neglect" alleged by the defendant is that it failed to notify the Secretary of the Commonwealth of a change of its registered office address under the following circumstances: In registering in 1933 as a foreign corporation under the Pennsylvania statute to do business in Pennsylvania, defendant gave as its registered location within the Commonwealth of Pennsylvania a street address at which it never had an established place of business and which street address was that of an independent broker, who from time to time represented defendant in the Commonwealth of Pennsylvania; no connection between the defendant and the independent broker was indicated in the registration; a year or so later the independent broker removed to another street address in the immediate neighborhood of the first address where it has remained until this day. Neither the Secretary of the Commonwealth nor plaintiff in this case was aware of any connection between the broker and the defendant. Process in this case was mailed by the Secretary of the Commonwealth, as provided by the Pennsylvania statutes,

15 P.S. § 3143, to the defendant at the given street address, by registered mail. It was returned to the Secretary of the Commonwealth since no one had knowledge of the defendant at that particular location. On these facts defendant asks me to find "excusable neglect". In my opinion, these facts constitute gross neglect, the blame for which lies entirely with the defendant corporation. Compare the facts of Huntington Cab Co. v. American Fidelity and Casualty Co., D.C., 4 F.R.D. 496. Rule 60(b) of the Federal Rules of Civil Procedure, as adopted, substantially follows Section 473 of the California Code of Civil Procedure. A review of cases thereunder reveals that no arbitrary standards, can be laid down and that each case must be decided on its own facts and on its own merits. Despite the liberal interpretation accorded the California Statute, I have been unable to find any case which goes as far as defendant requests me to go in this case.

Defendant strongly urges that plaintiff or the Secretary of the Commonwealth should have notified defendant corporation at its home office address before judgment by default was taken. If I should grant the application to set aside the default judgment on that ground, I would be ruling that there is a legal obligation upon the plaintiff or the Secretary of the Commonwealth to actually notify a foreign corporation defendant at its home office address of the existence of a suit before further action may be taken in the proceedings, despite the registration provisions of the Pennsylvania statute, 15 P.S. 3143. I do not understand this to be the law. Further, I am not convinced that defendant in its proposed answer has set up a wholly meritorious defense.

In my opinion, therefore, a case has not been made out which justifies the exercise of the discretion vested in me under Rule 60(b) and I, therefore, make the following

### Order

And now, to wit, this 16th day of October, A. D., 1950, for the reason set forth in the foregoing Opinion, it is

Ordered, adjudged and decreed that defendant's rule to set aside the default judgment entered on June 2, 1949, be and it is hereby dismissed.