of Public Utilities, 304 U.S. 61, 58 S.Ct. 770, 82 L.Ed. 1149.

## V.

Under the law we are required summarily to hear and determine the facts in a case of this character and to dispose of the matter as law and justice require. It is our opinion that law and justice call for release of petitioner on bail during the pending deportation proceedings.

## CHICAGO & NORTH WESTERN RY. CO. v. DAVENPORT et al.

### Civ. No. 1—94.

United States District Court
S. D. Iowa, C. D.

Nov. 20, 1950.

Order Vacated Feb. 12, 1951.

See 95 F.Supp. 469.

Frank W. Davis of Miller, Davis, Hise & Howland, Des Moines, Iowa, for plaintiff.

John J. McKay of McKay & Avery, Austin, Tex., for defendants.

SWITZER, District Judge.

Defendants, as individuals, a partnership and a corporation, all residents of Texas, challenge the venue of the suit here on the ground that the action has been brought in a district not the residence of either (1) the plaintiff, or (2) the defendants or any of them. Other grounds are set out in the motion itself, namely, that the defendants are not subject to the service of process within the Southern District of Iowa, and that the amount in controversy is less than the jurisdictional amount, but argument was confined to the question of venue alone.

On July 20, 1950, the "Dailey Bros. Circus by Bennie Fowler" entered into a written contract with the Chicago and North Western Railway Company, a Wisconsin corporation, plaintiff here, and the Chicago, Saint Paul, Minneapolis, and Omaha Railway Company, whereby the railroads agreed to transport and handle, as a special carrier, 25 cars belonging to the defendant Dailey Bros. Circus, between 12 different stops at cities in Michigan and Wisconsin during the summer of 1950. By this contract either Railway Company acting separately could enforce any right accruing to it thereunder. Provisions of indemnity were included therein whereby the Circus Company agreed to save the railroads harmless from any claim for injury to trainmen engaged in transporting the property of the Dailey Bros. Circus during the period of the contract.

On August 16, 1950, at Antigo, Wisconsin, at one of the agreed stopping points, Chester Hugunin, an employee of the plaintiff, Chicago & North Western Ry. Co., while moving one of the cars belonging to the defendant Dailey Bros. Circus, fell and was injured because of an alleged defective grab iron. Mr. Hugunin has asserted a claim against the plaintiff under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., which claim in turn is the

basis of the Railway Company's suit against the owners of Dailey Bros. Circus, under the contract of July 20, 1950. Defendants were notified of the claim of Mr. Hugunin but they would not admit liability therefor or offer to defend in any way.

Two material facts in this case also are: (1) that the Chicago & North Western Ry. Co., while incorporated in Wisconsin, is licensed and authorized to do business in Iowa; (2) that service of process was made upon Ben C. Davenport, individually, and through him upon the partnership, Dailey Bros. Circus, and the corporation, Lone Star Circus Properties, Inc., while the circus was at Marshalltown, Iowa, a city in this District.

The action is transitory and has been brought in this District where neither of the parties reside nor is this the district in which the cause originated. However, the action as such is maintainable here by reason of the diversity of citizenship of the suitors, thus establishing general jurisdiction under Section 1332, Title 28 U.S.C.A.; but the inquiry here is whether the Code provisions, Sec. 1391, Title 28 U.S.C.A., relating to venue give this court jurisdiction over the person of the defendants in the face of their personal objection thereto. A comment, apposite to this situation, appears in Dean v. Bituminous Casualty Corp., D.C., 72 F.Supp. 801, 803, as follows: "Most advocates do not realize that * * * a citizen of Maine may file a suit against a citizen of California in the Western District of Louisiana, provided it be of jurisdiction as to amount of $3000, and if the California citizen filed no objection (the objections he may file are personal), the Federal court would have jurisdiction. The court on its own motion could not disclaim jurisdiction."

The pertinent venue provisions now are Section 1391, subsections (a) and (c), Title 28 U.S.C.A., reading:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside. * * *

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Plaintiff contended at argument (no brief was submitted by it) that as the Chicago & North Western Ry. Co. was licensed to do business in Iowa and service of process having been had upon the defendants while doing business in this District, that venue is properly laid under subsection (c) above.

Until recently, the history of venue in the Federal courts has been one of restriction under diversity jurisdiction, with strict tests imposed upon determination of the residence of the parties. Subsection (c) admittedly has relaxed that rule as to corporate defendants to a great extent, but I am not convinced that the door has been thrown as wide open as plaintiff contends.

The origin of present Section 1391(a) and (b) is found in the Judiciary Act of 1789, or Sec. 739 of the Revised Statutes. The Judiciary Act of 1888 modified Sec. 739 and the Judicial Code of 1911 adopted it as Section 51, appearing in the statutes as former Section 112, Title 28 U.S.C.A., which read: "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

And the Supreme Court of the United States repeatedly decided that venue in the federal courts was restricted as to corporate defendants to their residence in the incorporating state, unless a waiver or consent could be invoked against them to be suable in the forum district, in the language of the leading case, Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768: "a corporation, incorporated in one State only, cannot be compelled to answer, in a Circuit Court of the United States held in another State, in which it has a

usual place of business, to a civil suit, at law or in equity, brought by a citizen of a different State." (syllabus)

Almost 60 years later this interpretation of Section 51 of the Judicial Code was upheld in Suttle v. Reich Bros. Const. Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614. A notation of the decisions of the Supreme Court over the intervening years in accord is given on page 166 of 333 U.S., on page 587 of 68 S.Ct. thereof. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, reiterated an old rule announced in Ex Parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, that the corporate defendant by designating an agent in another state upon whom service of process might be made, waived its right to object to venue in the latter state.

The decisions of the Supreme Court in the respect above discussed show a policy in the past on the part of Congress of severe restriction as to venue involving corporate parties in the district courts. In fact, in 1887, according to Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, at page 172, 60 S.Ct. 153 at page 156, the House passed an act which "prohibited resort to the federal courts by foreign corporations authorized to do a local business". It is impossible therefore to say that Congress by enacting Section 1391(c) liberalized venue in the district courts to the extent of allowing a corporation to institute litigation against a nonresident defendant in a district where plaintiff is merely licensed to do business on the theory that it was a resident of the district. If Freiday v. Cowdin, D.C., 83 F.Supp. 516, on which plaintiff relies entirely, holds thus, I cannot subscribe to it. To so hold would be imputing something in the language of Congress in Sec. 1391(c) which cannot be found expressly stated therein.

It seems to me that 1391(c) has merely clarified by legislation what the courts have been declaring by interpretation as to venue for corporate defendants only, broadened to eliminate any necessity of resort to waiver. If plaintiff were an Iowa corporation in fact, defendants' objection to venue would perhaps be futile, but based in this instance on the lack of proper residence on the part of plaintiff, the objection of the defendants to the venue herein must be sustained.

This matter came on for hearing in open court at Des Moines, Iowa, on the motion of defendants to dismiss on the ground of improper venue. Argument was had and the matter submitted on the brief of defendants, and the court being advised;

It is Ordered, that the said motion of the defendants be and it is hereby sustained. Plaintiff excepts.