## CHICAGO & N. W. RY. CO. v. DAVENPORT et al.

Civ. No. 1–94.

United States District Court
S. D. Iowa, C. D.

Feb. 12, 1951.

4. 35 U.S.C.A.Appendix, Rule 1.258.

5. Isom v. Dubbs, supra; Koch v. Lieber, 1944, 141 F.2d 518, 31 C.C.P.A., Patents, 979.

Frank W. Davis of Miller, Davis, Hise & Howland, Des Moines, Iowa, for plaintiff.

John J. McKay of McKay & Avery, Austin, Tex., for defendants.

RILEY, District Judge.

This matter comes before the court at Des Moines, Iowa, on the motion of the plaintiff, served and filed Dec. 1, 1950, to vacate an order entered Nov. 27, 1950, dismissing the substituted complaint because of defendants' objection to the venue, and to transfer to the proper district.

The action, commenced on Sept. 5, 1950, sought a declaratory judgment as to the rights and obligations of the parties under a "Special Joint Contract for Transportation of Circuses and other Show Outfits," executed by plaintiff and the defendant Dailey Bros. Circus, by Bennie Fowler, wherein provisions were made for the transportation of defendants' twenty-five car circus train over plaintiff's lines from Aug. 10 to Aug. 26, 1950, and subsequent delivery of the several cars to the next connecting carrier.

The record discloses plaintiff to be a Wisconsin corporation, licensed in Iowa as a foreign corporation and operating its lines in this district. One of its employees who claimed injuries by reason of alleged defects in defendants' equipment was declared to be asserting a substantial claim against plaintiff under the Federal Employers Liability Act. Plaintiff alleges in its complaint an obligation by defendant under the above contract, to indemnify and that notice of liability over and tender of defense had been served upon the several defendants. Because defendants had not admitted liability nor accepted defense on behalf of the plaintiff, this court was asked for a declaration of the rights and duties of the respective contracting parties.

Defendants' answer was accompanied by a motion to dismiss. The pleadings disclose all defendants to be domiciled in and residents of Texas and that all refused to consent to the venue. The court sustained defendants' objection to the venue. Chicago & N. W. Ry. Co. v. Davenport, D.C., 94 F.Supp. 83.

Plaintiff is now here asking the court to vacate the order of dismissal and for an order transferring this action to the United States District Court for the Western District of Texas.

It is admitted by the pleadings that the defendants Ben C. Davenport and Harry A. Hammill are partners doing business under the partnership name of Dailey Bros. Circus, and are residents of Gonzales, Texas, and that the defendant Lone Star Circus Properties, Inc., is a Texas corporation with its principal place of business at either Gonzales or Austin, Texas.

Plaintiff's motion to vacate the order of dismissal and for an order transferring venue is supported by an affidavit of counsel stating that the itinerant nature of the business of the defendants makes service within the jurisdiction of the United States District Court for the Western District of Texas uncertain and exceedingly difficult; that—"Service having been obtained upon all the defendants in this action, to require the plaintiff to again seek out the defendants for service in a subsequent action would be inequitable and would put the plaintiff to additional expense and would be onerous and burdensome to the plaintiff;" and that he is—"informed and therefore alleges the fact to be that the defendants are in the process of selling all the assets of Dailey Bros. Circus and Lone Star Circus Properties, Inc., and that if plaintiff is compelled to institute a new action in the Western District of Texas assets of both the partnership and the corporation, which should properly be available to satisfy any judgment which plaintiff might obtain in this action, may have been sold or otherwise disposed of before plaintiff could again get service upon all the defendants herein;" and that transfer of the action to the requested district—"will impose no hardship or burden upon the defendants, or any of them, they all being residents of the Western District of Texas.

Defendants resist the motion, stating that the court: "by entry of its order dismissing

this case because of improper venue, no longer has jurisdiction over the subject matter in controversy", and urge that Rule 8(c) of the Rules of Civil Procedure, 28 U.S.C.A., deprives plaintiff of the right to ask now for transfer under 28 U.S.C.A. § 1406(a), since such relief had not been affirmatively requested in the prior hearing nor had the matter of transfer been suggested to the court. Defendants presented no countervailing affidavit or proof.

Rule 60(b) of the Rules of Civil Procedure provides that—

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\*    \*    \*    \*    \*    \*

"or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time * * *."

In Untersinger v. United States, 181 F. 2d 953, the Second Circuit recognized the right of the trial judge to vacate an order of dismissal because the venue was improperly laid, and to order transfer of the suit to the appropriate district, although the statute—28 U.S.C.A. § 1406(a)—upon which he based his action, was not enacted until after the original order of dismissal had been entered. It was said by the writer of the opinion (L. Hand) 181 F.2d at page 955: "* * * when Judge Knox entered the order on appeal, the term had long since ended at which the decree of dismissal had been entered. Thus the question is whether § 1406(a) gave him jurisdiction to vacate the decree notwithstanding this lapse of time."

It was held that it did. The court limited its ruling by adding: "* * * we do not mean to be understood as deciding more than that Judge Knox had jurisdiction to enter the order on appeal, if he thought that course to be 'in the interest of justice.'"

Rule 60(b) (6), above quoted, of the Rules of Civil Procedure, confers upon the plaintiff the right to make the motion here under consideration.

In Ledwith v. Storkan, D.C.Neb., 2 F.R. D. 539, at page 541, after quoting Rule 60 (b) it is said: "The authority thus granted and limited is to be exercised within the sound discretion of the trial court. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 130 F.2d 185; Wallace v. United States, D.C., 2 F.R.D. 173. That discretion may not rightly be absolute or capricious. It must rather be so applied as to give effect, 'not * * * to the will of the judge, but to that of the law.'"

Before quoting the same rule in Assman v. Fleming, 8 Cir., 159 F.2d 332, 336, the court said:

"Courts under proper circumstances have the power to open, correct, modify or vacate their own judgments, especially during the term at which they were entered. * * *

"The action of a trial court in either granting or refusing an application to vacate a judgment is generally speaking within the judicial discretion of the court. The discretion is not an arbitrary one to be capriciously exercised, but a sound legal discretion guided by accepted legal principles."

The writer, Gardner, C. J., after quoting Rule 60(b), further said: "This rule is substantially the same as the statutory provision of California, Minnesota, New York, and several other states. The proceeding by motion to vacate a judgment is not an independent suit in equity but a legal remedy in a court of law; yet the relief is equitable in character and must be administered upon equitable principles".

It is true that the record here fails to disclose a request at the prior submission for the alternative relief of transfer to the appropriate district to which plaintiff now claims itself to be entitled. That omission or oversight, if either, is understandable, because at the time of submission, the only decision interpreting 28 U.S.C.A. § 1391(c), upon which the ruling was based was Freiday v. Cowdin, D.C., 83 F.Supp. 516, relied upon by the plaintiff, and which the court disapproved. 94 F.Supp. 83, 85.

Here the motion to vacate is timely, the authority to vacate is granted to the court,

### 472

as is the right of transfer, "if it be in the interest of justice." It is also in the declared scope of the Rules of Civil Procedure that—"They shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1.

In the case at bar the action is commenced, all of the several parties are served, the issues are joined, and a final determination of the question ultimately may be had in the forum in which the defendants reside.

It is the opinion of the court that it is in the interest of justice and will promote the just, speedy and inexpensive determination of the question involved to grant the relief asked by vacating the order of dismissal and transferring the case to the United States District Court for the Western District of Texas, Austin Division, in which the majority of the defendants are domiciled and reside.

The following order will be entered:

It is therefore Ordered and Adjudged that the motion of the plaintiff herein to vacate order be, and the same is, hereby sustained; that the order of dismissal entered herein on Nov. 27, 1950, be and the same is hereby vacated and that the case shall be and is hereby transferred to the United States District Court of the Western District of Texas, Austin Division. The Clerk will accordingly make the necessary transfer of the record herein. Defendants except.