14-3706-cv
*NSI Int'l, Inc. v. Mustafa*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            DENNY CHIN,
                     *Circuit Judges.*

---

NSI INTERNATIONAL, INC.,

       *Plaintiff-Appellee,*

       v.                          No. 14-3706-cv

MONA MUSTAFA,

       *Defendant-Appellant.*

---

**FOR NSI INTERNATIONAL, INC.:**      Jamie S. Felsen, Joseph M. Labuda, Milman Labuda Law Group, PLLC, Lake Success, NY.

**FOR MONA MUSTAFA:**      Mona Mustafa, *pro se*, Lake Villa, IL.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Mona Mustafa, proceeding *pro se*, appeals from the September 11, 2014 judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*) granting the motion for summary judgment made by plaintiff NSI International, Inc. ("NSI") on its claim for breach of contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly granted summary judgment to NSI, for substantially the reasons stated in its March 26, 2014 order adopting the thorough and well-reasoned February 25, 2014 Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson. The District Court plainly had diversity jurisdiction over NSI's breach-of-contract claim, regardless of whether the parties' settlement agreement provided that the District Court retained jurisdiction to enforce the agreement. *See* 28 U.S.C. § 1332; *Hendrickson v. United States*, 791 F.3d 354, 362 (2d Cir. 2015) ("When a district court lacks ancillary jurisdiction over the enforcement of a settlement agreement, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994))).

## CONCLUSION

We have considered all of the arguments raised by Mustafa on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 11, 2014 judgment. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk