NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2017[*]
Decided May 15, 2017

**Before**

DIANE P. WOOD, Circuit Judge

JOEL M. FLAUM, Circuit Judge

DANIEL A. MANION, Circuit Judge

No. 16-4270

| | |
|---|---|
| MONA MUSTAFA, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15-cv-6997 |
| NSI INTERNATIONAL, INC., et al., <br>     *Defendants-Appellees*. | John J. Tharp, Jr., <br> *Judge*. |

## O R D E R

Since 2009 Mona Mustafa has repeatedly and unsuccessfully sued her former employer. In this latest attempt, she principally contends that the employer and its counsel violated federal law by retaliating against her for bringing discrimination charges in 2009 and 2011. The alleged retaliation took the form of lawsuits that the

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

employer filed against her over six years ago to enforce a promise that she had made not to sue the employer. The district court ruled that this latest suit, brought in 2015, was time-barred and, alternatively, legally baseless. We affirm the dismissal.

NSI International Inc., a company that manufactures and sells toys, hired Mustafa in June 2007 as Vice President of Sales for the Midwest. She learned six months later that she had breast cancer and needed surgery and radiation treatments. A half-year later she injured her knee, requiring another surgery and physical therapy. When NSI thought that her work performance declined, it fired her in December 2008.

After her discharge Mustafa brought legal action against NSI three times. The first time, a few months after NSI fired her, Mustafa filed an administrative charge against NSI alleging that the company had discriminated against her because of her medical issues. NSI responded by suing Mustafa in state court in 2009 on the ground that her charge breached an oral settlement not to sue. The parties settled that state suit in 2011, and in exchange for $60,000 Mustafa agreed in writing not to sue NSI. Undeterred, that same year Mustafa filed a second administrative charge against NSI. This precipitated a second suit against her for breach of the settlement agreement, this time in federal court in New York. That court granted summary judgment to NSI and awarded the company over $80,000 in damages, and the Second Circuit affirmed. *See NSI Int'l, Inc. v. Mustafa*, 613 F. App'x 84 (2d Cir. 2015).

This case is Mustafa's third action against NSI. It began with an EEOC charge, followed by this suit, both filed in 2015. She contends that, by twice suing her (in 2009 and 2011) for breach of the settlement agreement, NSI and its counsel, Milman Labuda Law Group, have retaliated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), for having brought two administrative charges of discrimination. She also adds two state-law claims. She contends first that NSI defamed her in its 2009 suit by stating that it "terminated Mustafa's employment for poor work performance" and again when an NSI employee criticized her to an industry recruiter. Second, she contends the law firm unlawfully practiced law in Illinois (by defending NSI against her administrative charges) in 2009.

The district court granted the defendants' motion to dismiss for many reasons. We recount the principal ones. First the court concluded that Mustafa's retaliation claims were time barred: She filed her EEOC charge in 2015, well beyond the statutory limit of 300 days after NSI filed its suits against her in 2009 and 2011. *See* 42 U.S.C. § 2000e-5(e)(1); *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). The district court next observed that NSI allegedly made its disparaging remarks more than one

year before Mustafa sued, so they too fell outside the applicable statute of limitations for the state claims. *See* 735 ILCS 5/13-201. Finally, the court dismissed Mustafa's claim that NSI's lawyers unlawfully practiced law in Illinois without an Illinois license. Apart from Mustafa's lack of standing, the court explained that because the firm was permitted to appear pro hac vice in Illinois more than two years before she filed this suit, any possible legal malpractice occurred outside of the two-year statute of limitations for such claims. *See* 735 ILCS 5/13-214.3(b).

The district court also granted the defendants' motion for sanctions. It reasoned that Mustafa's claims were frivolous and likely intended to harass the defendants. After Mustafa mailed Monopoly money to the court as "payment" for the sanctions, the defendants also moved to enjoin her from initiating further litigation. The district court referred the defendants' motion to the district court's Executive Committee, which granted the motion and barred her from filing new civil suits without its prior approval.

On appeal, Mustafa does not challenge the validity of the district court's reasons for dismissing her complaint, as she is required to do. FED. R. APP. P. 28(a)(8). We could affirm on that ground alone. *See Long v. Teachers' Ret. Sys. Of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009). Furthermore the arguments that she does raise are insubstantial.

Mustafa also challenges the constitutionality of the Executive Committee prohibition against filing new civil actions without prior approval. We repeatedly have rejected constitutional challenges to filing restrictions so long as the restriction does not "bar the courthouse door" entirely. *See In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003). Because the restriction here merely requires Mustafa to receive court approval before launching a new suit, the courthouse door remains open to her.

Two final observations. First, Mustafa has made other arguments that we have considered, but none warrants further discussion. Second, NSI asks in its brief that we sanction Mustafa under FED. R. APP. P. 38 by awarding NSI its attorneys' fees and double costs for defending a frivolous appeal. But such requests must be made by separate motion, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 671 (7th Cir. 2012), which NSI has not filed. We warn Mustafa, though, this reprieve will not insulate her from sanctions if she pursues other frivolous litigation in the future or if NSI files an appropriate motion.

AFFIRMED.